UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

In Re:                                    :
                                          :     Case Number: 06-31986
    JOSEPH GREGORY JEMSEK,            :
                                          :     Chapter 11
            Debtor.                     :

## APPLICATION FOR ORDER AUTHORIZING
## THE EMPLOYMENT OF GRIER FURR & CRISP, PA

Joseph Gregory Jemsek, the debtor and debtor-in-possession in the above-referenced bankruptcy case (the "Debtor"), hereby moves the Court for an order authorizing the employment of Grier Furr & Crisp, PA as attorney for the Debtor, pursuant to Section 327(a) of the Bankruptcy Code, and in support thereof shows the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

### BACKGROUND

2. The Debtor filed his voluntary petition for relief pursuant to chapter 11 of the United States Bankruptcy Code on November 20, 2006 (the "Petition Date").

3. Pursuant to §§ 1107 and 1108 of the United States Bankruptcy Code, the Debtor continues in possession of his properties and the management of his affairs as debtor-in-possession.

4. The Debtor is a physician specializing in the treatment of infectious diseases.

5. The Debtor is owner of the Jemsek Clinic, P.A. d/b/a Jemsek Specialty Clinic, Lyme and Related Diseases, PLLC (the "Jemsek Clinic"). On October 24, 2006, the Jemsek

Clinic filed a voluntary chapter 11 bankruptcy petition in this Court, which case was assigned case number 06-31766.

**RELIEF REQUESTED**

6. This Application is presented pursuant to § 327(a) of the Bankruptcy Code which provides that, with the court's approval, a trustee may employ one or more attorneys that do not hold or represent an interest adverse to the estate and are disinterested persons to represent the trustee in carrying out the trustee's duties under the Bankruptcy Code.  11 U.S.C. § 327(a).

7. The Debtor seeks approval of this application to employ the firm of Grier Furr & Crisp, PA ("Grier"), 101 North Tryon Street, Suite 1240, Charlotte, North Carolina 28246, the attorneys of which firm are admitted to practice in this Court.

8. The Debtor has selected Grier because Joseph W. Grier, III, who will be the attorney primarily involved in this case, has had experience in matters of this character, and the Debtor believes that Joseph W. Grier, III and Grier are well qualified to represent it as debtor-in-possession in this proceeding.

9. The professional services that Grier is to render are necessary in order to enable the Debtor to execute his duties as debtor-in-possession.  Grier has informed the Debtor that its billing rates range from $340.00 to $205.00 per hour for partners, $205.00 to $150.00 for associates, and $120.00 for paraprofessionals.  These rates are subject to periodic adjustments. The Debtor has been billed and will continue to be billed at Grier's customary billing rates for matters of this type.

10. Subject to the control and orders of this Court, the Debtor proposes to retain Grier to give Debtor legal advice with respect to its powers and duties as debtor-in-possession in the continued management of his property and to perform all other legal services for Debtor as

2

debtor-in-possession which may be necessary herein, including but not limited to the following:

    a.      To advise and consult with respect to the Debtor's powers and duties as debtor-in-possession.

    b.      To take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the Debtor, negotiations concerning all litigation in which the Debtor is involved, and the objection to claims filed against the Debtor's estate.

    c.      To prepare on behalf of the Debtor all necessary motions, answers, orders, reports and other legal papers in connection with the administration of its estate.

    d.      To perform any and all other legal services for the Debtor in connection with this chapter 11 case and with the formulation and implementation of the Debtor's chapter 11 plan.

    e.      To advise and assist the Debtor regarding all aspects of the plan confirmation process, including, but not limited to, securing the approval of a disclosure statement by the Court and the confirmation of the plan at the earliest possible date.

    f.      To give legal advice and perform legal services with respect to other issues relating to the foregoing.

    11.      It is necessary for the Debtor as debtor-in-possession to employ an attorney for such professional services. Grier has indicated a willingness to act on the Debtor's behalf at it normal and customary rates for maters of this type, together with reimbursement of all costs and expenses incurred by Grier in connection herewith, as described in the *Declaration of Joseph W. Grier, III* filed concurrently herewith. The Debtor proposes to pay Grier at such rates and to reimburse it for such expenses, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules for this Court, and any orders entered by this Court. Grier has advised the Debtor that it is its policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand-delivery

3

charges, document processing, photocopying charges, charges for mailing supplies provided by me to outside copying services, travel expenses, online research expenses, transcription costs, as well as ordinary overhead expenses such as secretarial and other overtime.

12. Grier represented this debtor pre-petition in preparing the debtor's Chapter 11 filing. For that representation, Grier requested a retainer in the amount of $25,000.00. On November 1, 2006, Grier received $10,000.00 toward the requested retainer, which sum was deposited to Grier's trust account. From this amount, Grier was paid $3,478.50 in fees and expenses incurred before the Petition Date on November 16, 2006. As of the Petition Date, Grier had received a check from the Debtor for $15,200.00 reflecting the balance of the requested retainer. Grier deposited this check in its trust account; however, this check was dishonored by the Scottish Bank on November 25, 2006 due to a post-petition freeze imposed on the Debtor's account at the Scottish Bank.

13. To the best of the Debtor's knowledge, Grier has no connection with the creditors or any other party in interest or their respective attorneys, and Grier is a "disinterested person" as defined by § 101(14) of the Bankruptcy Code.

**NOTICE**

14. The Debtor has served a copy of this application by first class mail upon Notice of this Application has been given to the Bankruptcy Administrator, the Debtor's 20 largest unsecured creditors, and those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor prays that he be authorized to employ and appoint Grier Furr & Crisp, PA to represent the Debtor as debtor-in-possession in this proceeding under Chapter 11 of the Bankruptcy Code, with compensation and reimbursement of expenses to be paid as an

administrative expense in such amounts as may be allowed by the Court pursuant to §§ 330, 331, and 507(a)(1) of the Bankruptcy Code, and that he have such other and further relief as is just.

Dated this ___ day of November, 2006.

_____
Joseph Gregory Jemsek

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In Re: | : |
| | : Case Number: 06-31986 |
| JOSEPH GREGORY JEMSEK, | : |
| | : Chapter 11 |
| Debtor. | : |

### DECLARATION OF PROPOSED ATTORNEY TO
### BE EMPLOYED UNDER GENERAL RETAINER

Joseph W. Grier, III, being first duly sworn, deposes and says:

1. I am an attorney at law admitted to practice before this Court and am a member of the law firm of Grier Furr & Crisp, PA, with offices at 101 North Tryon Street, Suite 1240, Charlotte, North Carolina 28246.

2. The firm of Grier Furr & Crisp, PA ("Grier Furr & Crisp") represented this debtor pre-petition in preparing the debtor's Chapter 11 filing. Grier Furr & Crisp represented this debtor pre-petition in preparing the debtor's Chapter 11 filing. For that representation, Grier Furr & Crisp requested a retainer in the amount of $25,000.00. On November 1, 2006, Grier Furr & Crisp received $10,000.00 toward the requested retainer, which sum was deposited to Grier Furr & Crisp's trust account. From this amount, Grier Furr & Crisp was paid $3,478.50 in fees and expenses incurred before the Petition Date on November 16, 2006. As of the Petition Date, Grier Furr & Crisp had received a check from the debtor for $15,200.00 reflecting the balance of the requested retainer. Grier Furr & Crisp deposited this check in its trust account; however, this check was dishonored by the Scottish Bank on November 25, 2006 due to a post-petition freeze imposed on the debtor's account at the Scottish Bank. Otherwise, neither I, my firm, nor any member or associate thereof, insofar as I have been

able to ascertain, has any connection with the debtor herein, his creditors, or any other party in interest, their respective attorneys and accountants, the Bankruptcy Administrator, or any person employed in the office of the Bankruptcy Administrator.

3.    Neither I, my firm, nor any member or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to that of the estate or the debtor in the matters upon which said law firm is to be engaged.

4.    Based on the foregoing, I believe the firm of Grier Furr & Crisp is a "disinterested person" within the meaning of §§ 101 and 327 of the Bankruptcy Code.

5.    The undersigned has advised the debtor of the firm's willingness to serve as the debtor's counsel under a general retainer based on time and standard billable charges. The firm has not agreed to share any compensation it may receive with another party or person other than the partners and associates of Grier Furr & Crisp.

6.    The billing rates for Grier Furr & Crisp range from $340.00 to $205.00 per hour for partners, $205.00 to $150.00 for associates, and $120.00 for paraprofessionals. The current hourly rates of the attorneys and paraprofessionals likely to work on this matter, which are adjusted periodically, usually on January 1 of each calendar year, are as follows:

| Name | Role | Rate |
|---|---|---|
| Joseph W. Grier, III | Partner | $340.00 per hour |
| A. Cotten Wright | Associate | $205.00 per hour |
| Kay Buffaloe | Paralegal | $120.00 per hour |

In addition, Grier Furr & Crisp may assign other attorneys or paraprofessionals to work on this matter, if necessary, at their ordinary billing rates.

7.    The hourly rates set forth above are Grier Furr & Crisp's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Grier Furr &

2

Crisp for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Grier Furr & Crisp's policy to charge clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand-delivery charges, document processing, photocopying charges, charges for mailing supplies provided by me to outside copying services, travel expenses, online research expenses, transcription costs, as well as ordinary overhead expenses such as secretarial and other overtime. Grier Furr & Crisp will charge the estate for these expenses in a manner and at rates consistent with charges made generally to Grier Furr & Crisp's other clients. Grier Furr & Crisp will seek reimbursement of its fees and expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the rules and orders of this Court.

8.	Based on the information available to me, and except as otherwise described herein, Grier Furr & Crisp holds no interest adverse to the Debtor and its estate as to the matters in which it is to be employed. I believe that Grier Furr & Crisp is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and may act as legal counsel for the Debtor. Should I determine that Grier Furr & Crisp's status as a disinterested person has changes, I will file supplemental declarations with the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 1st day of December, 2006.

> /s/ Joseph W. Grier, III
> Joseph W. Grier, III (State Bar No. 7764)
> Grier Furr & Crisp, PA
> 101 North Tryon Street, Suite 1240
> Charlotte, North Carolina 28246
> jgrier@grierlaw.com