FILED & JUDGMENT ENTERED
David E. Weich

Dec 05 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

In Re:

JOSEPH GREGORY JEMSEK,

Debtor.

Case Number: 06-31986

Chapter 11

AGREED ORDER SETTLING MOTION OF THE SCOTTISH BANK
TO ALLOW SET-OFF, FOR RELIEF FROM STAY AND FOR OTHER RELIEF

The Scottish Bank ("Scottish Bank") and Joseph Gregory Jemsek, the debtor and debtor-in-possession herein (the "Debtor") hereby stipulate and consent as follows with regard to the Scottish Bank's *Motion to Allow Set-Off, for Relief from Stay and for Other Relief* (the "Motion") filed on November 28, 2006.

1. The Debtor filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code on November 20, 2006 (the "Petition Date").

2. Pre-petition, on or about December 30, 2004, the Debtor had executed and delivered to the Scottish Bank a commercial guaranty (the "Guaranty") in connection with a promissory note (the "Promissory Note") executed by The Jemsek Charm Project, the principal sum of which was $200,000.00.

3. Pre-petition, The Jemsek Charm Project defaulted on the Promissory Note, and the Debtor defaulted on the Guaranty. As of the Petition Date, the balance due on the

1

Promissory Note and the Guaranty was $200,000.00.

4. The Debtor maintains a demand deposit account at the Scottish Bank (the "Checking Account"). As of the Petition Date, the amount in the Checking Account totaled $171,243.36.

5. Scottish Bank implemented a freeze on the Checking Account as of the Petition Date, and the Debtor has been denied access to those funds. As a result of this freeze, Scottish Bank refused to honor certain pre-petition checks and debits (collectively, the "Pre-Petition Checks"), including but not limited to the following:

| Check Number | Payee | Amount |
|---|---|---|
| 3949 | Beck Lindsay | $20,000.00 |
| 3952 | BellSouth | $35.93 |
| 3953 | BellSouth | $95.47 |
| 3954 | Piedmont Natural Gas | $206.67 |
| 3955 | Grier Furr & Crisp, PA | $15,200.00 |
| Debit | Payroll Account | $468.85 |
| Debit | American Express | $1,200.00 |

Thus, at least $37,206.92 in Pre-Petition Checks were not honored as a result of Scottish Bank's freeze of the Checking Account, and there may be other Pre-Petition Checks not listed herein that were dishonored.

6. On November 28, 2006, Scottish Bank filed the Motion requesting authority to set-off the funds in the Checking Account against the amount due on the Guaranty and Promissory Note.

7. The Debtor maintains a stock account at Morgan Stanley (the "Stock Account"), comprising interests in certain blue chip stocks, mutual funds, and municipal bonds. The value of the Stock Account as of November 29, 2006 was $1,472,985.00. The Stock Account is subject to a first lien (the "First Lien") held by Scottish Bank arising from a commercial guaranty and a commercial pledge and security agreement executed by the Debtor as guarantor of an obligation of the Jemsek Clinic, P.A. The current balance of the First Lien is $1,220,012.00.

8. The Court concludes that the First Lien is valid.

9. In addition, Scottish Bank asserts that it holds a second lien against the Stock Account. Based on a review of documentation supplied by counsel for Scottish Bank, Debtor's counsel does not agree that such a second lien exists. Nevertheless, Scottish Bank does have a valid right to set-off obligations of the Jemsek Charm Project against funds in the Checking Account.

10. Scottish Bank and the Debtor have agreed to settle the Motion by substituting an agreed-to second lien (the "Second Lien") on the Stock Account for a lien on the Checking Account. The terms of this settlement are as follows:

- Scottish Bank and the Debtor agree that, upon entry of an agreed order (the "Agreed Order"), Scottish Bank shall have a Second Lien on the Stock Account in an amount of $171,243.36, reflecting the balance in the Debtor's Checking Account as of the Petition Date, and no further documentation shall be required to effect such a Second Lien;

- Creditors of the Debtor shall have the opportunity to object to the Agreed Order setting out and approving the settlement between Scottish Bank and the Debtor;

- After the objection period provided for in the Agreed Order has run and absent any objections, Scottish Bank shall honor the Pre-Petition Checks;

- Scottish Bank shall release the freeze on the Checking Account and shall not impose further restrictions on the Debtor's access thereto absent approval by the Court.

3

11.  Granting Scottish Bank a Second Lien on the Stock Account would provide adequate protection for the Debtor's obligation to the Scottish Bank.

12.  The Debtor believes that this proposed settlement of the Motion is in the best interests of the bankruptcy estate.

13.  It is imperative that the Debtor obtain access to the funds in the Checking Account as soon as possible in order to fund the estate and pay estate obligations. The continued viability of the Debtor's ability to operate is jeopardized by the Debtor's inability to obtain access to the Checking Account.

14.  The Debtor is authorized to maintain the Checking Account post-petition. The Pre-Petition Checks should be approved, and Scottish Bank should be authorized to negotiate and honor the Pre-Petition Checks.

15.  The payees of any Pre-Petition Checks should be directed to redeposit the Pre-Petition Checks at any time on or after December 15, 2006.

16.  Due to the Debtor's inability to operate without access to the Checking Account, Scottish Bank and the Debtor have requested that the Court shorten the notice period for any objections to seven (7) days.

NOW, THEREFORE, the Debtor and Scottish Bank agree as follows:

1)  The Debtor is hereby authorized, empowered, and directed to grant to Scottish Bank and Scottish Bank is hereby granted a valid, binding, enforceable and perfected Second Lien on the Stock Account in an amount of $171,243.36, reflecting the balance in the Debtor's Checking Account as of the Petition Date;

2)  Entry of this Agreed Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Second Lien, without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action to validate or perfect the Second Lien of Scottish Bank in the Stock Account or to entitle Scottish Bank to the priority granted herein;

3) The Debtor is authorized to continue to maintain the Checking Account;

4) The Pre-Petition Checks are approved and the payees of the Pre-Petition Checks are directed to re-deposit the same at any time on or after December 15, 2006, provided, however, the Court approves entry of this Agreed Order;

5) Creditors of the Debtor shall receive notice of this Agreed Order and shall have the opportunity to object to it;

6) Creditors who wish to object to this Agreed Order shall file a written objection with the Court by 4:30 p.m. on December 13, 2006 and serve copies of the same on counsel for Scottish Bank and counsel for the Debtor;

7) Should an objection to this Agreed Order be filed, the Court will conduct a hearing at 9:30 a.m. on December 14, 2006 in courtroom 126 of the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina;

8) Scottish Bank shall release the freeze on the Checking Account and shall not impose further restrictions on the Debtor's access thereto absent approval by the Court.

IT IS SO ORDERED.

This Order has been signed
electronically. The judge's
signature and court's seal
appear at the top of the Order.

United States Bankruptcy Court

APPROVED FOR ENTRY BY:

KELLAM & PETIT, P.A.

By: /s/ William Walt Pettit
William Walt Pettit (State Bar No. 9407)
2701 Coltsgate Road
Charlotte, NC 28211
Phone: (704) 442-9500
Email: walt@kellampettit.com

*Counsel for The Scottish Bank*


GRIER, FURR & CRISP, PA

By: /s/ A. Cotten Wright
A. Cotten Wright (State Bar No. 28162)
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
Phone: (704) 375-3720
Email: cwright@grierlaw.com

*Counsel for the Debtor*