In re    Joseph Gregory Jemsek                                  Case No.    06-31986
_____
**Debtor**                                                                     **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 2215 Sharon Ln<br>Charlotte, NC  28211<br>Charlotte Meckenburg Tax Parcel 18301101<br><br>2215 Sharon Ln<br>Charlotte, NC<br><br>Not property of the estate and not reachable by creditors of debtor only. | Tenancy by the Entirety | J | 2,088,000.00 | 1,575,052.00 |
| Lot 25, 3.12 acres, The Ridge of Greenbriar Mountain, Phase One<br><br>Greenbriar, White Sulfur Springs, WV<br><br>Value is debtor's one half interest | Joint Tenants | J | 375,000.00 | 133,000.00 |
| Lot 6<br>Walkingstick Falls Rd<br>Highland, NC | Fee Simple | H | 149,570.00 | None |
| | | Total | | |

(Report also on Summary of Schedules.)

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.11-687 - 30908

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF
Complete

In re    Joseph Gregory Jemsek                                      Case No.    06-31986

**Debtor**                                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY
## (Continuation Page)

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Highlands, NC (Macon County) Deed Bk M-29/196 | | | | |
| Lot 7 Walkingstick Falls Rd Highlands, NC<br><br>Highlands (Macon County), NC Deed Book A-23/377<br><br>Not property of the estate or reachable by creditors only of debtor. | Tenancy by the Entirety | J | 603,530.00 | None |

Total ➤    | 3,216,100.00 |

(Report also on Summary of Schedules.)

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

In re    Joseph Gregory Jemsek                                    Case No.    06-31986
               **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | Cash on hand | H | 0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account - Scottish Bank  Account is joint account with wife.  Balance listed is one half of total balance as of petition date. | J | 67,018.22 |
| | | Brokerage account  Morgan Stanley  301 S. Tryon St.  Suite 1600  Charlotte, NC  28202 | H | 1,472,985.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Household goods  2215 Sharon Ln  Charlotte, NC 28211  Debtor's wife owns 1/2.  Value given is estimate.  Debtor has engaged Alan Fisher to appraise. | J | 12,500.00 |
| 5. Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Crystal, collections, art, etc. | J | 25,000.00 |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF
Complete

In re  Joseph Gregory Jemsek                                    Case No.  06-31986
_____                              _____
            **Debtor**                                                  **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | 2215 Sharon Ln CHarlotte, NC 28211 Value listed in one half value because property is jointly owned with wife. | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | Cameras 2215 Sharon Ln. Charlotte, NC 28211 | J | 3,000.00 |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | John Hancock Life Policy #81082703 Term life insurance; 10 yrs, through 10/19/2015; face amount $2M; annual premium $15,380.00; debtor is owner; policy assigned to 1st Citizens | H | 0.00 |
| | | First Colony Life Policy # 5,467,499 Term life insurance; 10 yrs, through January 26, 2010; face amount $2M; annual premium $3,430.00; 1st Mid-Illinois Bank & Trust, Trustee of the Joseph G. Jemsek 1999 Irrevocable Truste, dated 12/29/99 is the owner | H | 0.00 |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Jemsek Clinic, P.A. 401(k) Plan | H | 139,895.75 |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re  Joseph Gregory Jemsek

**Debtor**

Case No.  06-31986

**(If known)**

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Nationwide Financial World Headquarters One Nationwide Plaza<br><br>Not property of the estate. Columbus OH 43215-2220 | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | PhoenixBay, Inc. Preferred Series A shares (5,000 shares; 5,000 stock warrants)<br><br>PhoenixBay, Inc. Attn: President 201 S. Tryon St. Suite 1000 Charlotte, NC 28202 | H | 200,000.00 |
| | | Interest in Jemsek Clinic, P.A.<br>Interest in Jemsek Speciality Clinic, Lyme & Related Diseases, PA<br>Rosedale Medical Group, LLC<br>JGJ Enterprises, LLC | H<br>H<br><br>H<br>H | Indeterminate<br>Indeterminate<br><br>Indeterminate<br>Indeterminate |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | Interest due from PhoenixBay, Inc.<br><br>PhoenixBay, Inc. Attn: President 201 S. Tryon St. Suite 1000 Charlotte, NC 28202 | H | 60,000.00 |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | | Tax Refund from IRS/NC Dept of Revenue (estimated) | J | 130,000.00 |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re  Joseph Gregory Jemsek                          Case No.  06-31986
        **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Amount listed is one half of estimated refund, because of joint interest of wife. | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims.  Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | 1998 BMW 750IL Sedan 4 door 2215 Sharon Ln Charlotte, NC  28211 | H | 9,725.00 |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |

_____  continuation sheets attached      Total      $ _____

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re    Joseph Gregory Jemsek                                    Case No.    06-31986
_____                              _____
            **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | 0 | | 2,120,123.97 |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.11-687 - 30908

In re   Joseph Gregory Jemsek                                    Case No.   06-31986
_____                                         _____
            **Debtor**                                                          **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐   11 U.S.C. § 522(b)(2)                     ☑   Check if debtor claims a homestead exemption that exceeds
☑   11 U.S.C. § 522(b)(3)                          $125,000.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2215 Sharon Ln<br>Charlotte, NC  28211<br>Charlotte Meckenburg Tax Parcel 18301101 | | | 2,088,000.00 |
| Lot 25, 3.12 acres, The Ridge of Greenbriar Mountain, Phase One | | | 375,000.00 |
| Lot 6<br>Walkingstick Falls Rd<br>Highland, NC | NCGS § IC-1601(a)(1) | 18,500.00 | 149,570.00 |
| Household goods | NCGS § IC-1601(a)(4) | 7,000.00 | 12,500.00 |
| 1998 BMW 750IL Sedan 4 door | NCGS § IC-1601(a)(3) | 3,500.00 | 9,725.00 |
| Lot 7<br>Walkingstick Falls Rd<br>Highlands, NC | | | 603,530.00 |

Bankruptcy2006 © 1991-2006, New Hope Software, Inc., ver. 4.11-687 - 30908

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

Official Form 6D (10/06)

**In re** Joseph Gregory Jemsek ,    Case No. 06-31986
  Debtor    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

 List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. §112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3535<br><br>Citimortgage, Inc.<br>PO Box 9442<br>Gaithersburg, MD 20898 | | | Lien: 1st lien Deed of Trust<br>Security: 2215 Sharon Ln, Charlotte, NC<br>Creditor holds escrow account of approx. $5,301.91.<br><br>VALUE $ 2,088,000.00 | | | | 997,481.00 | 0.00 |
| ACCOUNT NO.<br><br>City National West Virginia Operations Center<br>PO Box 7077<br>Cross Lanes, WV 25356 | | | Security: 1st lien on Greenbrier, WV property<br><br>VALUE $ 750,000.00 | | | | 133,000.00 | 0.00 |
| ACCOUNT NO.<br><br>Morgan Stanley Credit Corporation<br>PO Box 5079<br>Sioux Falls, SD 57110 | | | Incurred: 9/29/2006<br>Lien: 2nd lien Deed of Trust<br>Security: 2215 Sharon Ln, Charlotte, NC<br><br>VALUE $ 2,088,000.00 | | | | 577,571.00 | 0.00 |

 1   continuation sheets attached

Subtotal ▶  $ 1,708,052.00  | $  0.00
(Total of this page)

Total ▶  $  | $
(Use only on last page)

(Report total also on Summary of Schedules)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re  Joseph Gregory Jemsek _____ ,        Case No. __06-31986_____
             **Debtor**                                                                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Scottish Bank<br>1057 Providence Road<br>Charlotte, NC  28207 | | | Security: Personal stock portfolio<br><br>VALUE $  1,460,000.00 | | | | 1,220,012.00 | 0.00 |
| ACCOUNT NO.<br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br> | | | <br><br>VALUE $ | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal ➤<br>(Total of this page) | $  1,220,012.00 | $  0.00 |
| Total ➤<br>(Use only on last page) | $  2,928,064.00 | $  0.00 |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908



In re  Joseph Gregory Jemsek _____,    Case No. ___06-31986_____
          Debtor                                                                 (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, indicate that by stating "a minor child." and do not disclose the child's name.  See 11 U.S.C. § 112.  If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule  Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908



In re   Joseph Gregory Jemsek                                                     ,        Case No.   06-31986
                              Debtor                                                                          (if known)

 

☐  **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

    Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

 

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

     2    **continuation sheets attached**

In re ___Joseph Gregory Jemsek_____,          Case No. ___06-31986_____
　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)　　Sec. 507(a)(8)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.　1101<br><br>City County Tax Collector<br>PO Box 31457<br>Charlotte, NC  28231 | | | | | | | Notice Only | Notice Only | Notice Only |
| ACCOUNT NO.<br><br>Greenbrier County, WV<br>P.O. Box 506<br>County Courthouse<br>Lewisburg, WV 24901-0506 | | | | | | | Notice Only | Notice Only | Notice Only |
| ACCOUNT NO.<br><br>Internal Revenue Service<br>Insolvency Unit<br>320 Federal Place, Room 335<br>Greensboro, NC  27401 | | | | | | | Notice Only | Notice Only | Notice Only |
| ACCOUNT NO.<br><br>Macon County Tax Administrator<br>5 West Main Street, Annex Bldg.<br>Franklin, NC 28734-3005 | | | | | | | Notice Only | Notice Only | Notice Only |

Sheet no.　2　of　3　continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotal (Totals of this page) | $      0.00 | $      0.00 | $      0.00 |
|---|---|---|---|---|
| | Total (Use only on last page of the completed Schedule E.)  Report also on the Summary of Schedules) | $ | | |
| | Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $ | $ |

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF
Complete

In re  Joseph Gregory Jemsek _____ ,    Case No. ___06-31986_____
        **Debtor**    **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)    Sec. 507(a)(8)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> NC Department of Revenue <br> Central Collection Division <br> P.O. Box 1168 <br> Raleigh, NC  27601 | | | | | | | Notice Only | Notice Only | Notice Only |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. __3__ of __3__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotal (Totals of this page) | $      0.00 | $ | $ |
| Total (Use only on last page of the completed Schedule E.)  Report also on the Summary of Schedules) | $      0.00 | | |
| Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $    0.00 | $    0.00 |



In re __Joseph Gregory Jemsek_____,    Case No. ___06-31986_____
         **Debtor**    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

      State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

      If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

      Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    ☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   0803 | | | | | | | |
| Bank of America MBNA<br>PO Box 17054<br>Wilmington, DE 19884 | | | | | | | 45,270.00 |
| ACCOUNT NO. | | | | | | | |
| Blue Cross and Blue Shield of NC<br>PO Box 2291<br>Durham, NC 27702 | X | | | X | X | X | 0.00 |
| ACCOUNT NO. | | | Consideration: Guarantee of Jemsek Clinic debt | | | | |
| First Citizens Bank & Trust Co.<br>Mecklenburg Commercial Banking<br>c/o Loan Servicing Department -<br>DAC20<br>P.O. Box 26592<br>Raleigh, NC  27611-6592 | X | | | | | | 279,988.00 |
| ACCOUNT NO. | | | Consideration: Guarantee of Jemsek Clinic debt | | | | |
| First Citizens Bank & Trust Co.<br>Mecklenburg Commercial Banking<br>c/o Loan Servicing Department -<br>DAC20<br>P.O. Box 26592<br>Raleigh, NC  27611-6592 | X | | | | | | 435,758.00 |

_3_____continuation sheets attached

                                           Subtotal ➤ | $ | 761,016.00

                                           Total ➤ | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

Bankruptcy2006 © 1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re    Joseph Gregory Jemsek_____,    Case No. ___06-31986_____
    **Debtor**                                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  First Citizens Bank & Trust Co. Mecklenburg Commercial Banking c/o Loan Servicing Department - DAC20 P.O. Box 26592 Raleigh, NC  27611-6592 | X | | Consideration: Guarantee of Jemsek Clinic debt | | | | 1,633,546.66 |
| ACCOUNT NO.  James A. Wilson 5322 Highgate Dr., S 243 Durham, NC  27713 | | | Consideration: Legal Services | | | | 18,119.87 |
| ACCOUNT NO.  Jenkins, Heather c/o Robert A. Karney Karney, deBrun & Wilcox 1208 S. Tryon St. Charlotte, NC  28203 | X | | | X | X | X | 0.00 |
| ACCOUNT NO.  Jim D. Cooney Womble Carlyle One Wachovia Center 301 S College St., S 3500 Charlotte, NC  28202-6025 | | | | | | | Notice Only |
| ACCOUNT NO.  Joseph Jabkiewicz, Adm c/o Eric A. Rogers Caudle & Spears, P.A. 121 W Trade St, S 2600 Charlotte, NC  28202 | X | | | X | X | X | 0.00 |

Sheet no. _1___ of _3___ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $  1,651,666.53
Total ➤ | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re  Joseph Gregory Jemsek _____ ,          Case No. ___06-31986_____
                    **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| Joshua D. Davey Helms, Mullis Wicker 201 N. Tryon St. Charlotte, NC 28202 | | | | | | | Notice Only |
| ACCOUNT NO. | | | Attorney for 1st Citizens | | | | |
| Michael P. Flanagan Ward & Smith, P.A. P.O. Box 867 New Bern NC 28563-0867 | | | | | | | Notice Only |
| ACCOUNT NO. | | | | | | | |
| Phillip Moore Niki Taylor Moore DeVore, Acton & Stafford, PA 831 E Morehead St., S 245 Charlotte, NC 28202-2825 | X | | | X | X | X | 0.00 |
| ACCOUNT NO. | | | | | | | |
| Scottish Bank 1057 Providence Road Charlotte, NC 28207 | | | | | | | 200,000.00 |
| ACCOUNT NO. | | | Consideration: Guaranty of obligation of Rosedale Medical Group & Rosedale Investors | | | | |
| SunTrust Bank 101 S. Kings Drive Charlotte, NC 28204 | | | | | | | 6,087,291.15 |

Sheet no. _2_ of _3_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $   6,287,291.15

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re  Joseph Gregory Jemsek _____,    Case No. ___06-31986_____
　　　　　　　　　　Debtor                                                              (If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. SunTrust Bank PO Box 85052 Richmond, VA 23285-5160 | | | | | | | 77,735.00 |
| ACCOUNT NO. Travis W. Moon Hamilton Fay Moon Stephens et al. 2020 Charlotte Plaza 201 South College Street Charlotte NC 28244-2020 | | | | | | | Notice Only |
| ACCOUNT NO. United States Attorney's Office 227 West Trade St. Suite 1700 Charlotte, NC 28202 | | | | | | | Notice Only |
| ACCOUNT NO. William Walt Pettit Kellam & Pettis, P.A. 2701 Coltsgate Road, S 300 Charlotte, NC 28211 | | | Consideration: Attorney for Scottish Bank | | | | Notice Only |
| ACCOUNT NO. | | | | | | | |

Sheet no. __3__ of __3__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $       77,735.00

Total ➤  $    8,777,708.68

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re    Joseph Gregory Jemsek                    Case No. _____

_____    _____
**Debtor**                        **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child." and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

☐    Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| SunTrust Bank<br>PO Box 85052<br>Richmond, VA  23285-5160 | 7 year lease of 2004 BMW 760LI |
| | |
| | |
| | |
| | |
| | |
| | |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re    Joseph Gregory Jemsek                                Case No.    06-31986
_____                      _____
                    **Debtor**                                            **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child." See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Jemsek Clinic, P.A.<br>Rosedale Medical Center<br>14330 Oakhill Park Ln.<br>Huntersville, NC  28078 | First Citizens Bank & Trust Co.<br>P.O. Box 29519<br>Raleigh, NC  27626-0519 |
| Jemsek Clinic, P.A.<br>Rosedale Medical Center<br>14330 Oakhill Park Ln.<br>Huntersville, NC  28078 | First Citizens Bank & Trust Co.<br>P.O. Box 29519<br>Raleigh, NC  27626-0519 |
| Rosedale Medical Group, LLC<br>Rosedale Medical Center<br>14330 Oakhill Park Ln.<br>Huntersville, NC  28078 | SunTrust Bank<br>101 S. Kings Drive<br>Charlotte, NC  28204 |
| Jemsek Clinic, P.A.<br>Rosedale Medical Center<br>14330 Oakhill Park Ln.<br>Huntersville, NC  28078 | Jenkins, Heather<br>c/o Robert A. Karney<br>Karney, deBrun & Wilcox<br>1208 S. Tryon St.<br>Charlotte, NC  28203 |
| Jemsek Clinic, P.A.<br>Christie Roeske<br>Rosedale Medical Center<br>14330 Oakhill Park Ln.<br>Huntersville, NC  28078 | Joseph Jabkiewicz, Adm<br>c/o Eric A. Rogers<br>Caudle & Spears, P.A.<br>121 W Trade St, S 2600<br>Charlotte, NC  28202 |
| Jemsek Clinic, P.A.<br>Rosedale Medical Center<br>14330 Oakhill Park Ln.<br>Huntersville, NC  28078 | Phillip Moore<br>Niki Taylor Moore<br>DeVore, Acton & Stafford, PA<br>831 E Morehead St., S 245<br>Charlotte, NC  28202-2825 |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

In re   Joseph Gregory Jemsek                                    Case No.        06-31986
_____                               _____
            **Debtor**                                                          **(if known)**

## SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Jemsek Clinic, P.A.<br>Rosedale Medical Center<br>14330 Oakhill Park Ln.<br>Huntersville, NC  28078 | Blue Cross and Blue Shield of NC<br>PO Box 2291<br>Durham, NC 27702 |
| Rosedale Investors<br>717 S Torrence St.<br>Suite 101<br>Charlotte, NC  28204 | SunTrust Bank<br>101 S. Kings Drive<br>Charlotte, NC  28204 |

Bankruptcy2006 © 1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908



In re **Joseph Gregory Jemsek**
_____
**Debtor**

Case    06-31986
_____
**(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.

| Debtor's Marital Status:    Married | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): Wife, Son, Daughter | AGE(S): Adult, Minor, Minor |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Physician | |
| Name of Employer | Jemsek Speciality Clinic | |
| How long employed | | |
| Address of Employer | | |
| | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1.  Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | | $ 7,000.00 | $ 0.00 |
| 2.  Estimated monthly overtime | | $ 0.00 | $ 0.00 |
| 3.  SUBTOTAL | | $ 7,000.00 | $ 0.00 |
| 4.  LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ 1,503.99 | $ 0.00 |
| b. Insurance | | $ 0.00 | $ 0.00 |
| c. Union Dues | | $ 0.00 | $ 0.00 |
| d. Other (Specify:  (D)401K                    ) | | $ 1,050.83 | $ 0.00 |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 2,554.82 | $ 0.00 |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | | $ 4,445.18 | $ 0.00 |
| 7.  Regular income from operation of business or profession or farm (Attach detailed statement) | | $ 0.00 | $ 0.00 |
| 8.  Income from real property | | $ 0.00 | $ 0.00 |
| 9.  Interest and dividends | | $ 600.00 | $ 0.00 |
| 10.  Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ 0.00 |
| 11.  Social security or other government assistance ( Specify                           ) | | $ 0.00 | $ 0.00 |
| 12.  Pension or retirement income | | $ 0.00 | $ 0.00 |
| 13.  Other monthly income (Specify                           ) | | $ 0.00 | $ 0.00 |
| | | $ 0.00 | $ 0.00 |
| 14.  SUBTOTAL OF LINES 7 THROUGH 13 | | $ 600.00 | $ 0.00 |
| 15.  AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | | $ 5,045.18 | $ 0.00 |
| 16.  COMBINED AVERAGE  MONTHLY INCOME  (Combine column totals from line 15;  if there is only one debtor repeat total reported on line 15.) | | $ 5,045.18 | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
Debtor is re-building medical practice and hopes to increase income from business by mid-year 2007
_____
_____

Bankruptcy2006 ©1991-2006, New Hope Software, Inc. ver. 4.1.1-687 - 30908


In re ___Joseph Gregory Jemsek_____    Case No. ___06-31986_____
              **Debtor**    **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 2,000.00 |
|    a. Are real estate taxes included?    Yes _____  No __✓__ | |
|    b. Is property insurance included?    Yes _____  No __✓__ | |
| 2. Utilities: a. Electricity and heating fuel | $ 1,300.00 |
|        b. Water and sewer | $ 300.00 |
|        c. Telephone | $ 200.00 |
|        d. Other _____ | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ 150.00 |
| 4. Food | $ 1,000.00 |
| 5. Clothing | $ 350.00 |
| 6. Laundry and dry cleaning | $ 300.00 |
| 7. Medical and dental expenses | $ 600.00 |
| 8. Transportation (not including car payments) | $ 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 1,000.00 |
| 10. Charitable contributions | $ 1,000.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|      a. Homeowner's or renter's | $ 300.00 |
|      b. Life | $ 0.00 |
|      c. Health | $ 700.00 |
|      d. Auto | $ 200.00 |
|      e. Other _____ | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) _____ | $ 600.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|      a. Auto | $ 0.00 |
|      b. Other ___Childcare___ | $ 2,400.00 |
|      c. Other _____ | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other ___Greenbriar property_____ | $ 1,000.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | $ 13,800.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
   Debtor intends to sell his house, substantially reducing monthly expenses _____
_____
_____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ 5,045.18 |
|    b. Average monthly expenses from Line 18 above | $ 13,800.00 |
|    c. Monthly net income (a. minus b.) | $ -8,754.82 |

Official Form 6 - Summary (10/06)

# United States Bankruptcy Court

### Western District of North Carolina

In re   Joseph Gregory Jemsek

_____

Debtor

Case No.   06-31986

Chapter   11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 2 | $ 3,216,100.00 | | |
| B – Personal Property | YES | 5 | $ 2,120,123.97 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 2,928,064.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 8,777,708.68 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 5,045.18 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 13,800.00 |
| TOTAL | | 23 | $ 5,336,223.97 | $11,705,772.68 | |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908



# United States Bankruptcy Court
## Western District of North Carolina

In re    Joseph Gregory Jemsek                              Case No.    06-31986

Debtor

Chapter    11

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑    Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $    N.A. |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $    N.A. |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $    N.A. |
| Student Loan Obligations (from Schedule F) | $    N.A. |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $    N.A. |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $    N.A. |
| TOTAL | $    N.A. |

**State the Following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $    N.A. |
| Average Expenses (from Schedule J, Line 18) | $    N.A. |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $    N.A. |

**State the Following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $    N.A. |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $    N.A. | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $    N.A. |
| 4.  Total from Schedule F | | $    N.A. |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $    N.A. |

In re ____Joseph Gregory Jemsek_____    Case No. ____06-31986_____
        **Debtor**                                                  **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____25____ sheets *(total shown on summary page plus 2)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___November 19, 2006_____    Signature: ___/s/ Joseph Gregory Jemsek_____
                                                                **Debtor:**

Date _____    Signature: ___Not Applicable_____
                                                                **(Joint Debtor, if any)**

[If joint case, both spouses must sign.]

--------------------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                        *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____        _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this documen, unless the bankruptcy petition preparer is not an individualt:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

--------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____sheets *(total shown on summary page plus 2),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____    Signature: _____

                                                  _____
                                                  [Print or type name of individual signing on behalf of debtor.]

        *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
--------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908



# UNITED STATES BANKRUPTCY COURT
## Western District of North Carolina

In Re  Joseph Gregory Jemsek _____          Case No.  06-31986 _____
                                                                                          (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  Do not include the name or address of a minor child in this statement.  Indicate payments, transfers and the like to minor children by stating "a minor child."  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

─────────────────────────────

1.    **Income from employment or operation of business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation ofthe debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☐

| AMOUNT | SOURCE |
|---|---|
| 2006(db)        167,884.63 | |
| 2005(db)        409,269 | |
| 2004(db)        243,365 | |
| | |
| 2006(nfs) | |
| 2005(nfs) | |
| 2004(nfs) | |

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF
Complete

---

**2.    Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 2006(db)    19,334.91 | Interest & dividends; BehringerHarvard fund |
| 2005(db)    2,373,452 | Interest - 3,157; Dividends - 13,560; tax refunds - 49,368; partnerships/s-corps - 2,307,367 |

---

**3.  Payments to creditors**

None
☒

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

---

None
☐

*b. Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Citimortgage, Inc. PO Box 9442 Gaithersburg, MD  20898 | monthly | $7,000/month | 997,481.00 |
| Beck & Lindsay | 9/27/2006 & 11/19/2006 | 13,091.24 | 0 |
| Benton Landscaping | 10/17/2006 | 5634.00 | 0 |
| SunTrust Bank PO Box 85052 Richmond, VA  23285-5160 | monthly | 2,064.95/month | 77,735.00 |



| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Scottish Bank<br>1057 Providence Road<br>Charlotte, NC  28207 | 10/16/2006 | approx $296,416.18 | |

None ☐

*c. All debtors:*  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Joseph G. Jemsek 1999 Irrevocable Trust<br>c/o 1st Mid-Illinois Bk & Trust, Trustee<br>P.O. Box 499<br>Mattoon, IL  61938 | Annual | $3,430 | |

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a.     List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Phillip Moore & Niki Taylor Moore v. Joseph G. Jemsek & Jemsek Clinic, PA; 06 CVS 020060 | | Mecklenburg County Superior Court | Case filed 10/12/2006 |
| Blue Cross & Clue Shield v. Jemsek Clinic, PA & Joseph G. Jemsek; Case No. 06CVS18432 | | Mecklenburg County Superior Court | Case filed 9/18/2006 |
| Heather Jenkins v. Joseph G. Jemsek & Jemsek Clinic, PA; Case No. 06CVS12828 | | Mecklenburg County Superior Court | Case filed 6/29/2006 |

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Joseph W. Jabkiewicz & Kathleen Jabkiewicz v. Joseph G. Jemsek, Christie Roeske & Jemsek Clinic PA; Case No. 05CVS11118 | | Mecklenburg County Superior Court | Pending |
| First Citizens Bank & Trust v. Jemsek Clinic PA & Joseph G. Jemsek; Case No. 06CVS20463 | | Mecklenburg County Superior Court | Suit on guarantee |

None   b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within
☒       one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter
        13 must include information concerning property of either or both spouses whether or not a joint petition is filed,
        unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.    Repossessions, foreclosures and returns**

None   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
☒       of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.
        (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or
        both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.   Assignments and Receiverships**

None   a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding
☒       the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any
        assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
        joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|



None  b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one
☒     year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
      must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
      the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.    Gifts**

None  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case,
☐     except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member
      and charitable contributions aggregating less than $100 per recipient.   (Married debtors filing under chapter 12 or
      chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless
      the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Guarantee of obligation to The Scottish Bank of The Jemsek CHARM Project | Beneficiary is non-profit created by debtor | Dec 2005 | $200,000 guarantee |
| Gifts to wife and children | Insiders | Various | Various |

**8.    Losses**

None  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement
☒     of this case or since the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must
      include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
      joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|



Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

**9.    Payments related to debt counseling or bankruptcy**

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Morris Manning<br>Charlotte Plaza<br>201 S. College St.<br>Suite 2300<br>Charlotte, NC  28244 | 10/24 | 14,065.00 |
| Joseph W. Grier, III<br>Grier, Furr & Crisp, PA<br>101 N. Tryon St., Suite 1240<br>Charlotte, NC  28246 | 11/1/2006 & 11/19/2006 | $25,000 |

**10.    Other transfers**

None ☐    a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Kay T. Jemsek<br>Relationship: wife | 6/9/2006 | Title to home at 2215 Sharon Ln. transferred from debtor only to debtor and wife, as joint tenants by the entirety. |
| Jemsek Clinlic, P.A. 401(k) Plan | 4/1/06 to 9/30/06 | $54,178.20 in contributions, through salary reductions |
| Transferee unknown<br>Handled through<br>Hayden Harper | 8/24/2006 | B-1 REIT; $180,000 |
| Unknown | 11/3/2006 | Shares in Scottish Bank; $132,000 |
| Jemsek Clinic<br>Relationship: Insider | 9/19/2006 | $75,000.00 |
| Michael F. Ruggio | 10/16/2006 | $150,000 |



| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Travis W. Moon<br>Hamilton Fay Moon Stephens et al.<br>2020 Charlotte Plaza<br>201 South College Street<br>Charlotte NC 28244-2020 | 10/17/2006 | $40,000.00 |
| Hayden Harper<br>1818 Lombardy Cir.<br>Charlotte, NC 28203 | 3/6/2006 | Excelsius Elite Commodities LLC;<br>$70,000 |
| Dr. John Jemsek Preceptorship<br>University of Illinois RMED (Rural<br>Medicine) Program | 12/21/2005 | 1000 shares Gilead at 54.07/share;<br>value $54,070.00 |
| Jemsek Clinic<br> Relationship: insider | 10/4/2006 | $54,000.00 |
| Unknown | 8/8/2006 | Balance of securities in IRA account<br>at Scott & Stringfellow; value aprox.<br>$12,778.60 |

    b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None
☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments;  shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Scott & Stringfellow<br>4500 Cameron Valley Parkway<br>Suite 250<br>Charlotte, NC 28211 | IRA account; 45549492<br> Closing Balance: approx. $12,778.60 | $12,778.60; 8/8/2006 |
| SouthTrust | Home Equity Line of Credit | |

Bankruptcy2006 ©1991-2006, New Hope Software, Inc. - ver. 4.1.1-687  -  30908

**12. Safe deposit boxes**

None ☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| Bank of America<br>Fairview Rd<br>Charlotte, NC | | Misc documents | |

**13. Setoffs**

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☒

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16.  Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17.  Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18.  Nature, location and name of business**

None

☐

a.        If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Jemsek Clinic, P.A. | 30-0227618 | Rosedale Medical Center 14330 Oakhill Park Ln. Huntersville, NC  28078 | Medical Practice | Successor to Jemsek Clinic, PLLC, formed 12/13/99; |
| Jemsek Specialty Clinic, Lyme & Related Diseases, PLLC | | Rosedale Medical Center 14330 Oakhill Park Ln Huntersville, NC  28078 | Medical Clinic | Formed 9/6/2006 |
| The Jemsek CHARM Project | | Huntersville, NC | | Formed 11/17/2003 |
| Rosedale Medical Group, LLC | | 14330 Oakhill Park Ln Huntersville, NC  280789 | | Formed 3/23/2004 |
| JGJ Enterprises, LLC | | | | |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None

☒

| NAME | ADDRESS |
|---|---|
| | |



---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, record and financial statements**

None ☐    a.    List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                        DATES SERVICES RENDERED

Bob Beck                                     Multiple
Beck, Lindsay & Frame
4500 Cameron Valley Pkwy
Charlotte NC 28203

---

None ☒    b.    List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                         ADDRESS                  DATES SERVICES RENDERED

---

None ☒    c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                         ADDRESS

---

None ☒    d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                        DATE
                                             ISSUED

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF
Complete

**20.  Inventories**

None    a.    List the dates of the last two inventories taken of your property, the name of the person who supervised the
☒    taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY                 INVENTORY SUPERVISOR             DOLLAR AMOUNT OF INVENTORY
                                                                    (Specify cost, market or other basis)

None    b.    List the name and address of the person having possession of the records of each of the two inventories
☒    reported in a., above.

DATE OF INVENTORY                                                   NAME AND ADDRESSES OF CUSTODIAN OF
                                                                    INVENTORY RECORDS

**21. Current Partners, Officers, Directors and Shareholders**

None    a.    If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
☒

NAME AND ADDRESS              NATURE OF INTEREST                 PERCENTAGE OF INTEREST

None    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly
☒    or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS              TITLE                              NATURE AND PERCENTAGE OF
                                                                 STOCK OWNERSHIP

**22.  Former partners, officers, directors and shareholders**

None    a.    If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately
☒    preceding the commencement of this case.

NAME                          ADDRESS                            DATE OF WITHDRAWAL

None    b.    If the debtor is a corporation, list all officers, and directors whose relationship with the corporation terminated
☒    within one year immediately preceding the commencement of this case.

NAME AND ADDRESS              TITLE                              DATE OF TERMINATION

**23.    Withdrawals from a partnership or distribution by a corporation**

None    If the debtor is a partnership or a corporation, list all withdrawals or distributions credited or given to an insider,
☒    including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24.    Tax Consolidation Group**

None    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of
☒    any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year
period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**25.    Pension Funds**

None    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to
☒    which the debtor, as an employer, has been responsible for contributing at any time within the six-year period
immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

*    *    *    *    *    *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments
thereto and that they are true and correct.

Date    November 19, 2006            Signature    /s/ Joseph Gregory Jemsek
                                     of Debtor
                                                JOSEPH GREGORY JEMSEK

Bankruptcy2006 ©1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____

Printed or Typed Name of Bankruptcy Petition Preparer

_____

Social Security No.
(Required by 11 U.S.C. § 110(c).)

_____

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____      _____

Signature of Bankruptcy Petition Preparer                              Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110;  18 U.S.C. §156.*

Bankruptcy2006 © 1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

_____0_____ continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***



Click Here & Upgrade
Expanded Features
Unlimited Pages

12/94

# United States Bankruptcy Court
## Western District of North Carolina

In re    Joseph Gregory Jemsek

Case No.    _____06-31986_____

Chapter    _____11_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ...........................…………..…………..... $ _____0.00_____

Prior to the filing of this statement I have received .........…………….....…....…..... $ ____25,000.00____

Balance Due ...................................……………….......…………………….......…..…..... $ _____0.00_____

2.    The source of compensation paid to me was:

    ☑ Debtor          ☐ Other (specify)

3.    The source of compensation to be paid to me is:

    ☑ Debtor          ☐ Other (specify)

4.    ☑    I have not agreed to share the above-disclosed compensation with any other person unless they are members and
associates of my law firm.

    ☐    I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e.  [Other provisions as needed]
Debtor has agreed to compensate the firm at its normal hourly rates for representation in adversary and contested matters.

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Bankruptcy2006 © 1991-2006, New Hope Software, Inc., ver. 4.1.1-687 - 30908

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

November 19, 2006
_____
Date

/s/ Joseph W. Grier, III
_____
Signature of Attorney

Grier, Furr & Crisp, PA
_____
Name of law firm


Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

In re  Joseph Gregory Jemsek
_____
Debtor(s)

Case Number:  06-31986
_____
(If known)

## STATEMENT OF CURRENT MONTHLY INCOME
### FOR USE IN CHAPTER 11

In addition to Schedule I and J, this statement must be completed by every individual Chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. CALCULATION OF CURRENT MONTHLY INCOME | | |
|---|---|---|

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 1 | Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>b. ☑ Married, not filing jointly. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>c. ☐ Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10. | | |
| | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | | |
| 2 | Gross wages, salary, tips, bonuses, overtime, commissions. | $ 7,000.00 | $ 0.00 |
| 3 | Net income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference on Line 3. Do not enter a number less than zero<br><br>a. Gross receipts — $ 0.00<br>b. Ordinary and necessary business expenses — $ 0.00<br>c. Business Income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 4 | Rents and other real property income. Subtract Line b from Line a and enter the difference on Line 5. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V.<br><br>a. Gross receipts — $ 0.00<br>b. Ordinary and necessary operating expenses — $ 0.00<br>c. Rental Income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 5 | Interest, dividends and royalties. | $ 1,114.53 | $ 0.00 |
| 6 | Pension and retirement income. | $ 0.00 | $ 0.00 |
| 7 | Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include contributions from the debtor's spouse if Column B is completed. | $ 0.00 | $ 0.00 |
| 8 | Unemployment compensation. Enter the amount in Column A and, if applicable, Column B. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00   Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 9 | Income from all other sources. If necessary, list additional sources on a separate page. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount.<br><br>a. — $ 0.00<br>b. — $ 0.00<br>Total and enter on Line 9 | $ 0.00 | $ 0.00 |
| 10 | Subtotal of current monthly income. Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ 8,114.53 | $ 0.00 |
| 11 | Total Current Monthly. If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $ 8,114.53 |



| Part VIII: VERIFICATION | | |
|---|---|---|
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: _November 19, 2006_    Signature: _/s/ Joseph Gregory Jemsek_<br>                                                              (Debtor)<br><br>Date: _November 19, 2006_    Signature: _____<br>                                                              (Joint Debtor, if any) | | |