UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH GREGORY JEMSEK, | ) | CASE NO.: 06-31986 |
| | ) | |
| Debtor | ) | CHAPTER 11 |

**MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE**

NOW COMES, First-Citizens Bank & Trust Company ("First Citizens"), by and through its undersigned counsel, and asks the Court to appoint a Chapter 11 Trustee in this bankruptcy case. This Motion is filed pursuant to §§ 105 and 1104 of the Bankruptcy Code and Rules 2007.1(a) and 9014 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, First Citizens shows the Court as follows:

1. Joseph Gregory Jemsek ("Jemsek" or the "Debtor") filed this voluntary individual Chapter 11 bankruptcy case on November 20, 2006, it remains pending and no Trustee has been appointed.

2. Jemsek is 100% owner of Jemsek Clinic, P.A., a Chapter 11 Debtor in a case pending before this Court (Case No. 06-31766).

<u>INTERESTS OF FIRST CITIZENS</u>

3. First Citizens is a duly-scheduled unsecured creditor. On December 19, 2006, First Citizens filed the following unsecured Proofs of Claim in this bankruptcy case:

| PROOF OF CLAIM NO.: | CLAIM AMOUNT |
|---|---|
| 11 | $285,840.51, exclusive of post-petition interest and attorneys' fees and legal expenses |
| 12 | $446,173.32, exclusive of post-petition interest and attorneys' fees and legal expenses |
| 13 | $1,251,372.30, exclusive of post-petition interest and attorneys' fees and legal expenses |

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Court has authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

## LEGAL BASIS FOR THE MOTION

6. 11 U.S.C. § 1104(a) provides, in relevant part:

   a. "At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest . . ., and after notice and a hearing, the court <u>shall</u> order the appointment of a trustee --
      i. for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . .; OR
      ii. if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . .."

7. Whether a trustee should be appointed in a reorganization case must be considered on a case-by-case basis. The standards embodied in § 1104(a) are intended to facilitate two equally important goals: (1) a successful reorganization and (2) protection of creditors.

8. No plan has been confirmed. First Citizens is a party in interest moving for appointment of a trustee. Cause exists for appointment of a trustee and such appointment is in the best interests of all creditors and the estate.

## REASONS THE COURT SHOULD GRANT THE MOTION

9. During 2006, the Debtor began to experience financial difficulty and realized his obligations were exceeding his ability to pay all of his creditors. First Citizens was involved in good faith workout negotiations with the Debtor and Jemsek Clinic, P.A. and First Citizens was assured that the Debtor would not take any "asset protection" measures. The Schedules and Statement of Financial Affairs filed by the Debtor on December 19, 2006 show this was not the case.

10. Faced with imminent insolvency, and in an effort to hinder delay and defraud his creditors, the Debtor began to transfer his assets to insiders and others to place them outside the reach of his creditors. For example, Statement of Financial Affairs reveal the following transfers:

| TRANSFEREE | DATE | DESCRIPTION |
|---|---|---|
| Kay T. Jemsek (wife) | 6/9/2006 | 2215 Sharon Lane from fee simple to tenants-by-the-entirety |
| Jemsek Clinic 401k Plan | 4/1/06-9/30/06 | $54,178.20 |
| **Unknown** | 8/24/2006 | B-1 REIT; $180,000.00 |
| **Unknown** | 11/3/2006 | Shares in Scottish Bank $132,000.00 |
| Jemsek Clinic | 9/19/2006 | $75,000.00 |
| Michael F. Ruggio (special BCBS counsel) | 10/16/2006 | $150,000.00 |
| Travis Moon | 10/17/2006 | $40,000.00 |
| Hayden Harper | 3/6/2006 | Excelsius Elite Commodities, LLC $70,000.00 |
| John Jemsek Preceptorship Program | 12/21/2005 | 1,000 shares Gilead $54,070.00 |
| Jemsek Clinic | 10/4/2006 | $54,000.00 |
| **Unknown** | 8/8/2006 | IRA account at Scott & Stringfellow $12,778.60 |

11. The Debtor also lists "Gifts" to wife and children." Instead of complying with instructions to list the date of each gift, the description of each gift or the value of each gift, the Debtor simply states "Various" without detail or explanation of any kind. A trustee should be appointed to scrutinize and, if appropriate, recover the gifts or their value for the benefit of unsecured creditors.

12. Some or all of the transfers described above are avoidable under state law (e.g., N.C. Gen. Stat. § 39-23.1, et seq.) and/or the Bankruptcy Code (e.g., 11 U.S.C. §§ 544, 547 and/or 548). The Debtor has no incentive to avoid the transfers. Appointment of a Chapter 11 trustee is crucial to the fair administration of this bankruptcy case. There is significant equity in

the Debtor's property. A trustee should be appointed to administer these assets for the benefit of the unsecured creditors.

13. The Debtor is improperly claiming exemptions in this bankruptcy case. Reference is hereby made to the Objection to Property Claimed as Exempt filed by First Citizens on January 3, 2007 as if incorporated herein. A trustee should be appointed to prosecute the objection to exemptions.

14. Upon information and belief, the Debtor has substantially undervalued his assets in this bankruptcy case in an attempt to shield them from reach by creditors. For example, before this case was filed, the Debtor prepared and his counsel provided to First Citizens an individual "certified" Personal Financial Statement signed by the Debtor on September 14, 2006. Between the date of the Personal Financial Statement and the commencement of the case, the Debtor reduced the value of his assets by more than $2.3 million dollars. A true and correct copy of the September 14, 2006 Personal Financial Statement is attached hereto as "Exhibit A" and incorporated herein by reference as if completely set forth. A trustee should be appointed to independently and fairly value and administer the Debtor's assets.

15. According to Schedule D, on September 29, 2006 (within 60 days of the petition filing) the Debtor granted to Morgan Stanley Credit Corporation an equityline deed of trust lien on his 2215 Sharon Lane property. A review of the equityline deed of trust reveals there was a zero balance on September 29, 2006, yet Morgan Stanley filed a Proof of Claim in this bankruptcy case in the amount of $577,571.00. The Schedules and Statement of Financial Affairs does not describe this transfer or where the money from the equityline of credit went. A trustee should be appointed to investigate whether the transfers can be avoided for the benefit of unsecured creditors of the estate.

16. According to Schedules I and J, the Debtor is spending nearly $9,000 per month more than his income. The expenditures listed are clearly excessive. The expenses need to be reduced and property sold. If not, the value of the estate and the corresponding distribution to unsecured creditors is diminishing by nearly $9,000 per month. A trustee should be appointed to preserve the value for the benefit of the unsecured creditors of the estate.

17. The Debtor is claiming a ½ ownership interest in many of his assets. This claim is not consistent with prior representations made by the Debtor. A trustee should be appointed to determine whether this claimed ownership interest is proper.

18. Cause exists for the appointment of a Chapter 11 trustee in this case. The fraudulent and wasteful conduct of the Debtor both before and after the commencement of this case constitutes a significant detriment to the unsecured creditors. Only a trustee has the standing and the necessary incentive to properly prosecute objections to claims, objections to exemptions, avoidance actions and other appropriate proceedings for the benefit of the unsecured creditors of the bankruptcy estate.

19. Appointment of a Chapter 11 trustee in this case is in the best interests of creditors and the estate. The real detriment to the unsecured creditors in this case clearly outweighs any additional administrative expenses that will be incurred. Moreover, appointment of a Chapter 11 trustee in this case will foster an effective, realistic and fair reorganization.

WHEREFORE, First Citizens prays from the Court as follows:

1. An order appointing a Chapter 11 trustee in this bankruptcy case.

2. For a hearing on the matters set forth in this Motion.

3. For such other and further relief as to the Court may seem just and proper.

This the 8th day of January, 2007.

        */s/ Paul A. Fanning*
Paul A. Fanning
N.C. State Bar I.D. No.: 025477
For the firm of
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: (252) 215-4027
Facsimile: (252) 215-4077
E-mail: paf@wardandsmith.com
Attorneys for First-Citizens Bank & Trust Company

730098-10285-001
GVMAIN\442788\1