UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

JOSEPH GREGORY JEMSEK,

Debtor.

Case Number: 06-31986

Chapter 11

DEBTOR'S RESPONSE TO MOTION
FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

The Debtor, Joseph Gregory Jemsek, through counsel, responds specifically to the allegations in the *Motion For Appointment Of A Chapter 11 Trustee*, filed by First-Citizens Bank & Trust Company, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. The allegations in paragraph 7 state conclusions of law, to which no response is required.

8. Admitted that no plan has been confirmed and that First Citizens is a party in interest, moving for the appointment of a trustee. Denied that cause exits for appointment of a trustee or that such appointment is in the best interests of all creditors and the estate.

9. Admitted that, during 2006, the Debtor experienced financial difficulty and, at least on a temporary basis, his financial obligations exceeded his ability to pay all of his creditors. Admitted

that First Citizens, the Debtor and Jemsek Clinic, P.A. conducted certain negotiations. The Debtor is without knowledge or information sufficient to form a belief as to whether First Citizens participated in those negotiations in good faith and that allegation is therefore denied. Denied that the Debtor took any inappropriate "asset protection" measures. Denied that the Schedules and Statement of Financial Affairs filed by the Debtor on December 19, 2006 show that the Debtor undertook any "asset protection measures." Except as specifically admitted herein, the allegations of paragraph 9 are denied.

10. The Debtor admits to each of the transfers disclosed in this Statement of Financial Affairs. The Debtor denies that any transfer made by the Debtor was made in an effort to hinder, delay or defraud his creditors or to place said assets outside the reach of his creditors. Except as specifically admitted herein, the allegations of paragraph 10 are denied.

11. Admitted that the Debtor lists gifts to his wife and children on his Statement of Financial Affairs and describes those gifts as "Various." The Debtor will prepare and provide to First Citizens and any other interested party a more detailed list of gifts to his wife and children. Except as specifically admitted herein, the allegations of paragraph 11 are denied.

12. Admitted that there is significant equity in the Debtor's property. Except as specifically admitted herein, the allegations of paragraph 12 are denied.

13. Denied.

14. Admitted that the Debtor prepared and his counsel provided to First Citizens a personal financial statement signed by the Debtor on or about September 14, 2006, a copy of which is attached to the Motion of First Citizens as Exhibit A, which document, being in writing, speaks for itself. Except as specifically admitted herein, the allegations of paragraph 14 are denied.

15. Admitted that, on September 29, 2006, the Debtor granted to Morgan Stanley Credit

Corporation an equityline deed of trust lien on his 2215 Sharon Lane Property. Except as specifically admitted herein, the allegations of paragraph 15 are denied.

16. Admitted that the Debtor's current and projected monthly expenses exceed his income. Portions of the Debtor's monthly expenses are associated with his home. The home has substantial equity, which should be preserved both for the benefit of the Debtor and his estate. The Debtor is in the process of listing his home for sale, planning to place the home on the market in February 2007. The Debtor's mother has also provided $10,000 to supplement the Debtor's ability to pay monthly living expenses for his family and, upon information and belief, is prepared to provide additional contributions towards the monthly living expenses of the Debtor and his family. Except as specifically admitted herein, the allegations of paragraph 16 are denied.

17. Admitted that the Debtor is claiming a ½ ownership interest in assets, such as household goods, owned together with this wife. Except as specifically admitted, the allegations of paragraph 17 are denied.

18. Denied.

19. Denied.

WHEREFORE, having fully answered the allegations in the motion, the Debtor respectfully requests that the court deny the relief requested in the motion and grant such other relief as is just.

This the 30th day of January, 2007.

/s/ Joseph W. Grier, III
Joseph W. Grier, III
State Bar No. 7764

Attorney for Joseph Gregory Jemsek

Grier Furr & Crisp, PA

101 N. Tryon St., Ste. 1240
Charlotte, NC  28246
Telephone: 704) 332-0201
Fax:  704) 332-0215
E-Mail:  jgrier@grierlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: | : |
| | : Case No.: 06-31986 |
| Joseph Gregory Jemsek, | : |
| | : Chapter 11 |
| Debtor. | : |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing *Debtor's Response to Motion for Appointment of a Chapter Trustee,* were served by placing said copies in the United States mail, first-class postage prepaid, and addressed to the parties on the attached list:

John Bramlett
US Bankruptcy Adm.
402 W. Trade St.
Charlotte, NC 28202

Michael F. Ruggio
7546 Clifton Road
Clifton, VA 20124

James A. Wilson
5322 Highgate Drive, S 243
Durham, NC 27713

Paul A. Fanning
Ward & Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, NC 27835-8088

William Walt Pettit, Esq.
Kellam & Pettit, PA
2701 Coltsgate Rd., Ste. 300
Charlotte, NC 28211

Travis W. Moon
Hamilton Fay Moon Stephens, et al
2020 Charlotte Plaza
201 S. College St.
Charlotte, NC 28244-2020

R. Keith Johnson
R. Keith Johnson, P.A.
Suite 600, Builders Building
312 W. Trade St.
Charlotte, NC 28202

This the 30th day of January, 2007.

/s/ Joseph W. Grier, III
Joseph W. Grier, III,
State Bar No. 7764

GRIER FURR & CRISP, PA
101 N. Tryon Street, Ste. 1240
Charlotte, NC 28246
(704) 332-0201 – Telephone
(704) 332-0215 – Fax
jgrier@grierlaw.com – E-mail Address

Document Name:Response to First Citizens motion for appointment of trustee
Document #: 66057
Author_Id: JOE