UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ADVERSARY NO. 07-03019

IN RE: )
)
JOSEPH GREGORY JEMSEK )
)
_____ )
) CASE NO. 06-31986
Joseph Stanly Jabkiewicz )
) CHAPTER 11
Plaintiff )
)
v. )
)
Joseph G. Jemsek, M.D. et al. )
)
Defendants )

MOTION FOR RELIEF FROM STAY; MOTION FOR MANDATORY OR DISCRETIONARY ABSTENTION; MOTION FOR REMAND; MOTION FOR WITHDRAWAL OF REFERENCE

NOW COMES Joseph Stanly Jabkiewicz, Administrator of the Estate of Kathleen Marie Jabkiewicz ("Movant"), through counsel, and pursuant to 11 U.S.C. §362 and 28 U.S.C. §1334, respectfully files, in the alternative, these Motions for Relief from Stay, Motion for Mandatory or Discretionary Abstention, Motion for Remand and Motion for Withdrawal of Reference (collectively the "Motion"). In support thereof, the Court is shown the following:

1. On June 20, 2005, Movant filed a Complaint against the Debtors in the Superior Court of Mecklenburg County, North Carolina (the "State Action"). The State Action seeks to recover damages against the Debtors for personal injuries to and for the wrongful death of Kathleen Marie Jabkiewicz. The State Action was stayed by the filing of the Debtors's bankruptcy petition and it was removed to this court by Notice of Removal on February 16, 2007.

2. Prior to the filing of the Debtors's petition, the parties to the State Action collectively had taken several depositions, exchanged responses to various and substantial discovery requests, agreed on a State Court trial judge, and had agreed to a Discovery Order, which included a tentative trial date in 2007.

# RELIEF FROM THE AUTOMATIC STAY

3. Cause exists to modify the automatic stay to allow the continuation of the State Action, to determine the issues set forth in the Complaint and to liquidate the damage claims which Plaintiff has against the Debtors.

4. The factors that courts consider in deciding whether to modify the automatic stay in these situations include (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. See *In re Robbins*, 964 F.2d 342 (4th Cir. 1992)(citing *In re Mac Donald*, 755 F.2d at 717; In re Holtkamp, 669 F.2d 505, 508-09 (7th Cir. 1982); *In re Revco D.S., Inc.*, 99 Bankr. 768, 776-77 (N.D. Ohio 1989); *In re Pro Football Weekly, Inc.*, 60 Bankr. 824, 826-27 (N.D. Ill. 1986); *Broadhurst v. Steamtronics Corp.*, 48 Bankr. 801, 802-03 (D. Conn. 1985)).

5. While Congress intended the automatic stay to have broad application, the legislative history to section 362 clearly indicates Congress' recognition that the stay should be lifted in appropriate circumstances. The Senate Report accompanying the Bankruptcy Reform Act of 1978 stated that:

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836; *see also* 2 COLLIER ON BANKRUPTCY § 362.07[3], at 362-71. (15th ed. 1991) ("the liquidation of a claim may be more conveniently and speedily determined in another forum").

6. The State Court will be able to resolve the State Action, which deals only with state law issues, most expeditiously and inexpensively. Upon information and belief, the State Court will be able to commence a trial of the State Action within this calendar year. Upon information and belief, and based on conversations with Terry Lietner, Chief Deputy of the Office of the Clerk, United States District Court for the Western District of North Carolina (the "District Court"), it currently takes an average of twenty-seven months between the docketing of a case and a jury trial of that case. Furthermore, the estate can be protected properly by a requirement that the Plaintiff seek enforcement of any judgment through the bankruptcy court.

## MANDATORY ABSTENTION

7.  28 U.S.C. § 1334(c)(2) requires that this court abstain from asserting jurisdiction over the State Action. Title 28, United States Code § 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

8.  Mandatory abstention is appropriate under § 1334(c)(2) when the following requirements are met: (1) a timely motion is made; (2) the proceeding is based on a state law claim or a state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *Blanton v. IMN Financial Corp.*, 260 B.R. 257 (MDNC 2001). All of the foregoing requirements are met in this case. This Motion is filed less than a month after the Notice of Removal. The proceeding is based on state law causes of action which are related to the bankruptcy case, and the proceeding does not arise under Title 11. There is no diversity of citizenship, so this action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334. The action has been commenced and can be timely adjudicated in state court.

## PERMISSIVE ABSTENTION

9.  Even if the court determines that the mandatory abstention statute does not apply, equity warrants that this court exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1). Title 28, U.S.C. § 1334(c)(1) states that "nothing in [§ 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

10.  Courts have considered several factors when determining whether to exercise permissive abstention. These factors include: (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-Debtors parties; (3) the economical use of judicial resources; (4) the effect of abstention on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8)

any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial. *See Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *In re Med. Lab. Mgmt. Consultants*, 931 F. Supp. at 1493; *River Cement Co. v. Bangert Bros. Constr. Co.*, 852 F. Supp. 25, 27 (D. Colo. 1994); *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D. Cal. 1988); *Hillsborough Holdings Corp. v. Celotex Corp. (In re Hillsborough Holdings Corp.)*, 123 B.R. 1004, 1013 (Bankr. M.D. Fla. 1990).

11.    The factors in support of permissive abstention weight in favor of Movant. Because of the right to a jury trial, this court is not able to resolve the issues in the State Action. The issues must be resolved in either the state court or the U.S. District Court.[1] There are only state law issues. This Court has original but not exclusive jurisdiction over this removed state court action because it is a proceeding "arising under," "arising in" or "relating to" a case under title 11.  28 U.S.C. §§ 1334(b), 1412, 1452(a) and 157(a).  Otherwise, there is no federal jurisdiction. This matter does not arise under the Constitution, laws or treaties of the United States; is not in admiralty; and does not involve parties of diverse citizenship. Rather, Plaintiffs' state law claims predominate the dispute. The economical use of judicial resources also favors remand in the instant case. The purely state-law questions can more expediently be addressed by a North Carolina court. Abstention will have a positive effect on the administration of the bankruptcy estate, as it will expedite the claims resolution process. The remaining factors pose no impediment to abstention. Forum non conveniens is not an issue because this court and the state court are located in the same city. Likewise, comity concerns for North Carolina courts favor remand, as North Carolina undoubtedly has a substantial interest in protecting its own citizens from the type of wrongs alleged by the Plaintiff. As this action was removed twenty months after filing, the particular expertise of the Mecklenburg County Court from which this action was removed is a factor in favor of abstention. And lastly, the possibility of inconsistent results is negligible, as the state court will adjudicate the claim amount which will be "plugged into" the Debtors' bankruptcy proceedings.

## EQUITABLE REMAND

12.    Pursuant to Section 1452(b), "The court to which [a] claim or cause of action is removed [pursuant to 28 U.S.C. § 1334] may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b) (as quoted in *Blanton v. IMN Financial Corp.*, 260 B.R. 257, 265 (M.D.N.C.2001)).  As noted above, the sole basis for this Court's jurisdiction

---

[1] 28 U.S.C. §157(b)(5) provides:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

over the present matter is conferred by 28 U.S.C. § 1334(b), thus making this action subject to the equitable remand provisions of Section 1452(b).

13. In determining whether equitable remand is warranted under the facts and circumstances of a particular case, the court considers "virtually identical factors" as are used when determining whether discretionary abstention is warranted under 28 U.S.C. § 1334(c)(1). *See In re Mid-Atlantic Resources Corp.*, 283 B.R. 176, 193 n. 31 (S.D.W.Va. 2002) (citing *Ernst & Young, LLP v. Devan (In re Merry-Go-Round Enterprises, Inc.)*, 222 B.R. 254, 256-57 (D.Md.1998)). However, under the equitable remand provision of 28 U.S.C. § 1452(b), the Court views these factors "through [a] broader lens." *Id.* at 192-193.

14. The factors thus used in determining whether equitable remand is warranted include the following: (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-Debtors parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial. *Id.*

15. The foregoing factors, for the reasons set forth in Paragraph 11 above, weigh heavily in favor of equitable remand.

WHEREFORE, Movant prays this Court for the entry of an Order as follows:

A. Granting Movant relief from stay to proceed with prosecuting the State Action;

B. In the alternative, abstaining from the State Action or equitably remanding the action to the State Court;

C. In the second alternative, withdrawing the reference to allow the trial of the State Action in the United State District Court; and

D. Granting Movant such other relief as is appropriate.

Dated:    March 8, 2007

JAMES H. HENDERSON, P.C.

_____

James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte, N.C. 28204
Telephone 704.333.3444
Telecopier 704.333.5003
E-Mail henderson@title11.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ADVERSARY NO. 07-03019

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOSEPH GREGORY JEMSEK ) | |
| ) | CASE NO. 06-31986 |
| Joseph Stanly Jabkiewicz ) | |
| ) | CHAPTER 11 |
| Plaintiff ) | |
| v. ) | |
| ) | |
| Joseph G. Jemsek, M.D. et al. ) | |
| ) | |
| Defendants ) | |

## NOTICE OF HEARING

Joseph Stanly Jabkiewica has filed a Motion for Relief from Stay; Motion for Mandatory or Discretionary Abstention; Motion for Remand; Motion for Withdrawal of Reference with the Court.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)

If you do not want the Court to allow the [relief sought in the motion or objection, or if you want the Court to consider your views on the Motion or Objection, then on or before **April 2, 2007**, you or your attorney may:

1) File with the Court a written response (an answer, explaining your position) at:
United States Bankruptcy Court
Western District of North Carolina
Charlotte Division
PO Box 34189
Charlotte NC 28234-4189

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

2) If you file a response, you must mail a copy to
James H. Henderson                     Bankruptcy Administrator
1201 Harding Place                     402 West Trade Street Suite 200
Charlotte, NC 28204-2826               Charlotte NC 28202

3) A hearing will be held on **April 3, 2007 at 9:30 a.m.**, United States Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina.

**All interested parties may attend and be heard. (If you do not oppose this Motion/Objection, you do not have to attend).**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated:   March 9, 2007.                JAMES H. HENDERSON, P.C.

/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte, N.C. 28204-2826

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ADVERSARY NO. 07-03019

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOSEPH GREGORY JEMSEK | ) |
| | ) |
| _____ | ) |
| | ) CASE NO. 06-31986 |
| Joseph Stanly Jabkiewicz | ) |
| | ) CHAPTER 11 |
| Plaintiff | ) |
| v. | ) |
| | ) |
| Joseph G. Jemsek, M.D. et al. | ) |
| | ) |
| Defendants | ) |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **MOTION FOR RELIEF FROM STAY; MOTION FOR MANDATORY OR DISCRETIONARY ABSTENTION; MOTION FOR REMAND; MOTION FOR WITHDRAWAL OF REFERENCE and NOTICE OF HEARING** by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

To all parties on the attached matrix

This 9th day of March, 2007.

JAMES H. HENDERSON, P. C.

/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte NC 28204-2826
Telephone:    704.333.3444
Facsimile:    704.333.5003
E-mail:    henderson@title11.com

Bankruptcy Administrator
402 West Trade Street Suite 200
Charlotte NC 28202

Bank of America
201 N. Tryon St.
Charlotte, NC 28255

Bank of America
Attn: Managing Agent
PO Box 53160
Phoenix AZ 85072-3160

Bank of America MBNA
PO Box 17054
Wilmington, DE 19884

Blue Cross and Blue Shield of NC
Attn: Managing Agent
PO Box 2291
Durham, NC 27702

Citimortgage, Inc.
PO Box 9442
Gaithersburg, MD 20898

City County Tax Collector
PO Box 31457
Charlotte, NC 28231

City National West Virginia
Attn: Managing Agent
Operations Center
PO Box 7077
Cross Lanes, WV 25356

First Citizens Bank & Trust Co.
Mecklenburg Commercial Banking
c/o Loan Servicing Department - DAC20
PO Box 26592
Raleigh, NC 27611-6592

Paul Fanning, Esq.
Counsel for First-Citizens
Ward and Smith P A
PO Box 8088
Greenville NC 27835-8088

Greenbrier County, WV
P.O. Box 506
County Courthouse
Lewisburg, WV 24901-0506

Internal Revenue Service
Insolvency Unit
320 Federal Place Room 335
Greensboro NC 27401

James A. Wilson
5322 Highgate Dr Ste 243
Durham NC 27713

Jernsek Clinic P.A.
Christie Roeske
Rosedale Medical Center
14330 Oakhill Park Ln
Huntersville NC 28078

Jemsek Clinic P.A.
Attn: Managing Agent
Rosedale Medical Center
14330 Oakhill Park Ln
Huntersville NC 28078

Heather Jenkins
c/o Robert A. Karney
Karney, deBrun & Wilcox
1208 S. Tryon St.
Charlotte, NC 28203

James P. Cooney, III, Esq.
Womble Carlyle Sandridge & Rice PLLC
One Wachovia Center
301 S College St., S 3500
Charlotte, NC 28202-6025

Joshua D. Davey
Helms, Mulliss Wicker
201 N. Tryon St
Charlotte, NC 28202

Macon County Tax Administrator
5 West Main Street, Annex Bldg.
Franklin, NC 28734-3005

Michael P. Flanagan
Ward & Smith, P.A.
P.O. Box 867
New Bern NC 28563-0867

Morgan Stanley Credit Corporation
Attn: Managing Agent
4909 East 26th Street
Sioux Falls SC 57110

Morgan Stanley Credit Corporation
PO Box 5079
Sioux Falls SD 578117

NC Department of Revenue
Central Collection Division
P.O. Box 1168
Raleigh, NC 27601

NC Department of Revenue
Angela C Fountain
Collections Examination Division
P.O. Box 1168
Raleigh, NC 27601

Phillip Moore
Niki Taylor Moore
DeVore, Acton & Stafford PA
1321 E Morehead Street
Charlotte, NC 28202-2825

Rosedale Medical Group, LLC
Attn: Managing Agent
Rosedale Medical Center
14330 Oakhill Park Ln.
Huntersville, NC 28078

The Scottish Bank
Attn: Managing Agent
1057 Providence Road
Charlotte, NC 28207

SunTrust Bank
Attn: Managing Agent
101 S. Kings Drive
Charlotte, NC 28204

SunTrust Bank
Attn: Managing Agent
PO Box 85052
Richmond, VA 23285-5160

Travis W. Moon
Hamilton Fay Moon Stephens et al
2020 Charlotte Plaza
201 South College Street
Charlotte NC 28244-2020

United States Attorney's Office
227 West Trade Street Suite 1700
Charlotte, NC 28202

The Scottish Bank
c/o William Walt Pettit Esq
Kellam & Pettit, P.A.
2701 Coltsgate Road Ste 300
Charlotte, NC 28211

US SEC
Attn: Managing Agent
3475 Lenox Road NE
Atlanta GA 30324

SunTrust Bank
c/o Robert H. Pryor, Esq.
Helms Mulliss & Wicker, PLLC
PO Box 31247
Charlotte NC 28231-1247
L D Simmons, III Esq

Stephen D. Allred Esq
Mark W Kinghorn Esq
Helms Mulliss & Wicker PLLC
210 North Tryon Street
Charlotte NC 28202

Michael F. Ruggio Esq
7546 Clifton Road
Clifton VA 20124

Joseph W. Grier III Esq
Grier Furr & Crisp P A
101 N Tryon Street Suite 1240
One Independence Center
Charlotte NC 28246

Deborah L Fletcher Esq
Kilpatrick Stockton LLP
214 N Tryon Street Suite 2500
Charlotte NC 28202-2381

Alan D McInnes Esq
Kilpatrick Stockton LLP
3737 Glenwood Avenue Ste 400
Raleigh NC 27612

Anna Cotten Wright, Esq
Grier Furr & Crisp P A
101 N Tryon Street Suite 1240
Charlotte NC 28246

Harold C. Spears, Esq.
Caudle & Spears
121 West Trade Street Suite 2600
Charlotte NC 28202