UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

In Re:                                              :
                                                    :    Case Number: 06-31986
JOSEPH GREGORY JEMSEK,                              :
                                                    :    Chapter 11
            Debtor.                                 :

**APPLICATION FOR AUTHORITY TO EMPLOY SAMUEL SHOR, M.D. AS AN
EXPERT FOR THE DEBTOR PURSUANT TO SECTIONS 327(a)
AND 330 OF THE BANKRUPTCY CODE**

Joseph Gregory Jemsek, the debtor and debtor-in-possession in the above-referenced bankruptcy case (the "Debtor"), through counsel, requests approval of this *Application for Authority to Employ Samuel Shor, M.D. as an Expert for the Debtor Pursuant to Sections 327(a) and 330 of the Bankruptcy Code* (the "Application") and in support thereof, respectfully shows the Court as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2).

**BACKGROUND**

2.      The Debtor filed his voluntary petition for relief pursuant to chapter 11 of the United States Bankruptcy Code on November 20, 2006 (the "Petition Date").

3.      Pursuant to §§ 1107 and 1108 of the United States Bankruptcy Code, the Debtor continues in possession of his properties and the management of his affairs as debtor-in-possession.

4.      The Debtor is a physician specializing in the treatment of infectious diseases.

5.      The Debtor currently operates a medical practice in Washington, D.C., through

the Jemsek Specialty Clinic.

6. The Debtor is in litigation with Blue Cross and Blue Shield of North Carolina in adversary proceeding 07-3006 (the "Adversary Proceeding").

7. The Debtor has determined that he needs the services of an expert witness in connection with the Adversary Proceeding and proposes to engage Samuel Shor, M.D., F.C.C.P., to serve in that capacity. Mr. Shor has agreed to provide those services to the Debtor.

8. On October 9, 2013, the Debtor's litigation counsel, Polsinelli PC, entered into a contract with Mr. Shor to provide certain expert witness services. Through this Application, the Debtor seeks authority to employ Mr. Shor to provide expert witness testimony and related services in connection with the Adversary Proceeding. Mr. Shor understands that compensation for services provided to the Debtor will require Court approval.

**RELIEF REQUESTED**

9. This Application is presented pursuant to § 327(a) of the Bankruptcy Code which provides that, with the court's approval, a trustee may employ certain professionals, including accountants, to represent the estate. 11 U.S.C. § 327(a). Section 330 of the Bankruptcy Code provides that the court may award compensation to professionals employed pursuant to § 327 after notice and hearing. 11 U.S.C. § 330(a)(1).

10. The Debtor seeks approval of his retention of Mr. Shor as an expert for the Debtor to provide such services as expert testimony related to the standard of care and treatment for patients with Lyme disease. It is necessary for the Debtor as debtor-in-possession to employ experts to provide such services to assist in the Adversary Proceeding.

11. To the best of the Debtor's knowledge, Mr. Shor does not represent any interest adverse to the Debtor's estate with respect to the matters on which he is to be employed.

2

12.     Mr. Shor has agreed to undertake the Debtor's proposed engagement for compensation at his normal rates to be billed in arrears and paid in accordance with the allowances of the Court pursuant to § 330 of the Bankruptcy Code. The Debtor is informed that Mr. Shor's current hourly rate is $650 for the review of documents, conference calls, and drafting, $800 for depositions, and $3,000 for attendance at part or all of one in-court session.

13.     Mr. Shor's policy is to charge clients for expenses incurred in connection with the client's representation. Such expenses include, among other things, any out-of-pocket expenses incurred on a client's behalf such as courier services, outsourced photocopying, conference call charges, and travel (including auto mileage). Mr. Shor will bill the Debtor for these expenses in a manner and at rates consistent with charges made generally to Mr. Shor's other clients. Payment for such expenses shall be subject to Court approval pursuant to § 330 of the Bankruptcy Code.

**NOTICE**

14.     Notice of this Application has been given to the Bankruptcy Administrator and those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor prays that the Court will enter an Order authorizing the Debtor to employ Mr. Shor as an expert for the debtor-in-possession pursuant to §§ 327(a) and 330 of the Bankruptcy Code and granting such other relief as is just.

This is the 10th day of October, 2013.

> _/s/ A. Cotten Wright_
> Joseph W. Grier, III (State Bar No. 7764)
> A. Cotten Wright (State Bar No. 28162)
> Grier Furr & Crisp, PA
> 101 N. Tryon St., Ste. 1240
> Charlotte, NC 28246
> (704) 332-0207 – Telephone; (704) 332-0215 – Fax
> cwright@grierlaw.com

*Attorneys for Joseph Gregory Jemsek*

4

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 06-31986 |
|    JOSEPH GREGORY JEMSEK, | ) | |
| | ) | Chapter 11 |
|        Debtor. | ) | |
| | ) | Judge J. Craig Whitley |

### DECLARATION OF PROPOSED EXPERT TO BE EMPLOYED BY THE DEBTOR

Samuel Shor, M.D., FACP, being duly sworn, deposes and says:

1. I am a medical doctor licensed in the state of Virginia with offices at 1860 Town Center Drive #230, Reston, VA 20190. I practice general internal medicine, and also specialize in the treatment of patients suffering from chronic fatigue and associated conditions including Lyme disease.

2. I am the owner of Internal Medicine of Northern Virginia P.L.L.C ("Internal Medicine of Northern Virginia").

3. Pursuant to an agreement dated October 9, 2013, I have agreed to provide services to Polsinelli PC, the Debtor's litigation counsel in the Adversary Proceeding. Internal Medicine of Northern Virginia will receive a retainer of $4,000 from the Jemsek Specialty Clinic in connection with that agreement.

4. Other than as disclosed herein and in the Application, I do not have an interest materially adverse to the Debtor, its creditors, or any other party in interest, their respective attorneys and accountants, the Bankruptcy Administrator, or any person employed in the office of the Bankruptcy Administrator with respect to this case by reason of any direct or indirect relationship to, connection with or interest in such persons.

5. I do not represent any interest adverse to the estate or the Debtor in the matters upon which I am to be engaged.

46255761.1

6. I have advised the Debtor of my willingness to serve as the Debtor's expert in exchange for compensation based on time at standard billable rates subject to Court approval pursuant to § 330 of the Bankruptcy Code. My current hourly rate is $650 for the review of documents, conference calls, and drafting, and $800 for depositions. I also charge $3,000 for my attendance at part or all of one in-court session. These rates are subject to periodic adjustments to reflect economic and other conditions. It may be necessary or advantageous to use other professionals and personnel employed by or associated with me to perform some of the services required by this proposed engagement.

7. My hourly rate is the standard hourly rate for work of this nature. This rate is set at a level designed to fairly compensate and to cover fixed and routine overhead expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, any out-of-pocket expenses incurred on a client's behalf such as courier services, outsourced photocopying, conference call charges, and travel (including auto mileage). I will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to my other clients.

8. I have not received any promises as to compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code.

9. I do not have any agreement with any other entity to share with such entity any compensation received in connection with my proposed representation of the Debtor.

This the 9th day of October, 2013.

2

46255761.1

_[Notary seal: JOVEDA FAYE FERRER, COMMONWEALTH OF VIRGINIA, REGISTRATION NO. 365870, MY COMM. EXPIRES 12/31/2013, NOTARY PUBLIC]_

_/s/ Samuel Shor_

Samuel Shor, MD, FACP
Clinical Associate Professor George Washington
University Health Care Sciences

Sworn to me this 9th day of October, 2013

_/s/ Joveda Faye Ferrer_
Notary Public

My Commission Expires: 12-31-2013

City/County of Fairfax
Commonwealth of Virginia
The foregoing instrument was acknowledged before me this 9 day of Oct 2013
by _/s/ Joveda Faye Ferrer_
Notary Public
My commission expires 12-31-2013

3

46255761.1

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

In Re:

JOSEPH GREGORY JEMSEK,

Debtor.

Case Number: 06-31986

Chapter 11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the *Application for Authority to Employ Samuel Shor, M.D. as an Expert Pursuant to Sections 327(a) and 330 of the Bankruptcy Code* was served on those parties who are registered to receive electronic service in the above-referenced bankruptcy case.

This the 10th day of October, 2013.

/s/ A. Cotten Wright
A. Cotten Wright
GRIER FURR & CRISP, PA
101 N. Tryon St., Ste. 1240
Charlotte, NC 28246

5