# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
|     JOSEPH GREGORY JEMSEK | ) | Bankruptcy Case No. 06-31986 |
| | ) | |
|     JEMSEK CLINIC, P. A. | ) | Bankruptcy Case No. 06-31766 |
| | ) | |
|     Debtors. | ) | (Jointly Administered) |

## MOTION FOR ORDER IN AID OF CONSUMMATION

Jemsek Clinic, P.A. ("Clinic") and Joseph G. Jemsek ("Jemsek") (collectively "the Debtors"), through counsel, file this Motion for Order in Aid of Consummation (the "Motion"). The Motion seeks an Order which allows the Debtors to file a Final Report and Accounting ("Final Report") which references the financial information of record in the cases, rather than providing exact amount of the disbursements in each category. Debtor's counsel anticipates that an unreasonable amount of time will be required to review, compile and file an accurate Final Report Final Report with precise disbursement information. In support of the Motion, the Debtors show:

1. The Jemsek Clinic filed its voluntary petition on October 25, 2006, and Joseph Jemsek ("Jemsek") filed his voluntary petition on November 20, 2006.

2. On March 8, 2018, the Court entered its Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Plan of Reorganization.

3. The Second Amended Joint Plan of Reorganization (the "Plan") has been substantially consummated. The Plan substantively consolidated the Debtors.

4. Due to the consolidation, the Final Report would need to include information concerning disbursements since 2006 for both Jemsek individually and the Jemsek Clinic. Undersigned counsel became counsel of record only recently, and does not have access to most of the requested information, other than by referring to what is of record. To the extent that the necessary information is not of record, counsel would be required to obtain the information from the Debtors or from prior counsel for the Debtors. Either of these alternatives would likely be time prohibitive in these cases.

5. Counsel suspects that a number of the records needed to prepare the Final Report accurately have been destroyed. Most of the activity and payments to the professionals was from 2006 to 2013 (approximately). There was no trustee, attorney for trustee or creditors committee, so there won't be any amounts shown in those categories. The calculation of fees and expenses paid to Professionals and "other professionals", is likely to be very problematic. These payments to professionals go back to 2006. Professionals in the Jemsek Clinic case (based only on counsel's review of the docket) include Hamilton Moon Stephens Steele & Martin, PLLC, Michael Ruggio, Alan Fisher Auction and Appraisal, Market Impact Associates, Beck Lindsey & Dyer, LLP, Ronald W. Lamberth and Cherry Bekaert & Holland, LLC and Mullen Holland & Cooper P.A. from the 10.25.06 filing date. Professionals and "other professionals" involved for the Debtor in the Jemsek individual case (based

only on my review of the docket) includes myself, Grier, Furr & Crisp, P. A., Mullen Holland & Cooper P.A., Michael Ruggio, Polsinelli Shalton Flanigan Suelthaus PC, James A. Wilson, Ronald W. Lamberth and Cherry Bekaert & Holland, LLC, Robert O. Beck, III and Beck Lindsey & Dryer, LLP, Douglas Jeffrey and The Fullerton Law Group, LLP, Polsinelli Shughart successor to Shalton Flanigan Suelthaus, PC, Susan R. Green as Special Counsel for the Debtor, Huron Consulting Services, LLC, Samuel Shor, MD, FACP, Expert for Debtor, Phil Hurd and Berkeley Research Group, LLC, Stuart Sobel and Siegfried, Rivera, Hyman, Lerner De La Torre, Mars & Sobel, PA, Robert D. Lyerly Jr. and Nexsen Pruet, LLC, and Polsinelli PC.

6. Several large secured creditors were granted relief from stay early in the cases, and the collateral of such creditors was sold. The amounts paid for the collateral would ordinarily be included as a payment to a secured creditor. To accurately fill out information pertaining to disbursements to these secured creditors, counsel would have to obtain foreclosure and sales reports which are more than 12 years old.

7. The Debtors request that the Court enter an Order allowing them to file a "Final Report" which does not provide actual numbers, but which references a sworn document executed by Jemsek and attached to the Final Report stating that "the records required to accurately show actual disbursements to secured creditors, professionals, administrative and priority claimants in these cases are, for the most part, not available. The best evidence of payments to professionals are shown on the bankruptcy dockets. The Debtors do not make any representation as to what was actually paid."

WHEREFORE, the Debtors pray that the Court enter an Order granting them the relief requested herein.

This 25th day of January, 2019.

**THE HENDERSON LAW FIRM**

**/s/ James Henderson**
James H. Henderson
State Bar No. 13536
1120 Greenwood Cliff
Charlotte NC 28204
Telephone: 704.333.3444
Facsimile:   704.333.5003
Email: henderson@title11.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | | |
|---|---|---|---|
| In Re: | ) | | |
| JOSEPH GREGORY JEMSEK | ) | Bankruptcy Case No. 06-31986 | |
| | ) | | |
| JEMSEK CLINIC, P. A. | ) | Bankruptcy Case No. 06-31766 | |
| | ) | | |
| Debtors. | ) | (Jointly Administered) | |

**NOTICE OF HEARING**

Joseph Grgory Jemsek has filed an filed a Motion for Order in Aid of Consummation with the court.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)**

If you do not want the Court to allow the relief sought in the motion or objection, or if you want the Court to consider your views on the Motion or Objection, then on or before January 28, 2019, you or your attorney may:

1) File with the Court a written response (an answer, explaining your position) at:
United States Bankruptcy Court
Western District of North Carolina
Charlotte Division
401 West Trade Street
Charlotte NC 28202

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

2) If you file a response, you must mail a copy to
James H. Henderson               Bankruptcy Administrator
1201 Harding Place               402 West Trade Street Suite 200
Charlotte, NC 28204-2826         Charlotte NC 28202

3) A hearing will be held on **January 29, 2019 at 9:30 a.m.**, United States Bankruptcy Court, Charles R. Jonas Federal Building, 401 West Trade Street, Courtroom 1-4, Charlotte, North Carolina.

**All interested parties may attend and be heard. (If you do not oppose this Motion/Objection, you do not have to attend)**.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated:   January 25, 2019.             **THE HENDERSON LAW FIRM**

                                        /s/ James H. Henderson
                                       James H. Henderson
                                       State Bar No. 13536
                                       1120 Greenwood Cliff
                                       Charlotte, N.C. 28204-2826
                                       Telephone:      704.333.3444
                                       Facsimile:      704.333.5003