UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH GREGORY JEMSEK, | ) | CASE NO.: 06-31986 |
| | ) | |
| JEMSEK CLINIC, P.A., | ) | CASE NO.: 06-31766 |
| | ) | |
| Debtors | ) | CHAPTER 11 |
| | ) | (Jointly Administered) |

**MOTION TO COMPEL IMPLEMENTATION OF CONFIRMED PLAN**
**(11 U.S.C. § 1142)**

NOW COMES First-Citizens Bank & Trust Company ("First Citizens"), by and through its undersigned attorney, and files this Motion to Compel Implementation of Confirmed Plan ("Motion") pursuant to 11 U.S.C. § 1142. In support of this Motion, First Citizens Bank shows the Court the following:

1. This Court has jurisdiction over the parties and the subject matter.

2. The Debtor Jemsek Clinic, P.A. ("Debtor Jemsek Clinic") filed its voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on October 25, 2006 ("Jemsek Clinic's Petition Date")

3. The Debtor Joseph Gregory Jemsek, ("Debtor Jemsek") filed his voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on November 20, 2006 ("Jemsek's Petition Date").

4. On March 19, 2015, the Court entered an Order Directing Joint Administration of Debtor Jemsek Clinic and Debtor Jemsek's bankruptcy cases. Debtor Jemsek's bankruptcy matter became the Lead Case.

5. This case remains pending in the Western District of North Carolina and no Trustee has been appointed.

6. On March 8, 2018, this Court entered an Order Confirming Second Amended Joint Plan of Reorganization ("Plan"). The Plan provided treatment of claims. The Plan is binding on the Debtors. 11 U.S.C. § 1142(a).

7. First Citizens is the holder of several claims in this case. Relevant to this Motion is its Class 7 Claims.

8. The Plan defines the Effective Date as March 8, 2018 and states that is "the Business Day on which all of the conditions set forth in Article 10 of this Plan shall have been satisfied or waived."

9. The Plan requires the Debtors to "execute a Class 7 Plan Note (the "Note") in favor of each holder of an Allowed Class 7 Claim" as stated below:

> "3.7.2 ("Treatment") These Claims shall be treated as an unsecured obligation of the Reorganized Debtors. Except as noted herein with respect to the Allowed BCBS Claim, in full satisfaction of their claims, the holders of Allowed Class 7 Claims will receive a pro-rata distribution of One Hundred and Fifty Thousand Dollars ($150,000.00) from the Distribution Account after the payment to the holders of allowed Super-Priority, Allowed Administrative, Allowed Priority and Allowed Class 1 through 6 claims. Except with respect to the Allowed BCBS Claim (the holder of which is waiving distribution rights), holders of Allowed Class 7 Claims will receive 12 consecutive quarterly pro-rata distributions in the amount of $12,500.00, commencing after the payment of the BCBS Administrative Claim, Allowed Super-Priority Administrative Claims, and Administrative Claims.
>
> Within thirty (30) days after the entry of orders finally determining the Allowed Claims of Class 7 creditors, the Debtors shall execute a Class 7 Plan Note (the "Note"), the form of which is attached hereto as Exhibit B, in favor of each holder of an Allowed Class 7 Claim. The debt payable to each creditor shall be determined by dividing the Allowed Claim of that creditor by the total amount of Class 7 Allowed Claims, and multiplying the resulting fraction by $150,000.00. Commencing on July 1, 2021, and for 11 consecutive calendar quarters thereafter, each creditor will receive its pro rata share of a total quarterly payment in the amount of $12,500.00. The Maturity Date of the debt is July 1, 2024. The Debtors are not obligated to pay the holders of Allowed Class 7 Claims more than $150,000.00 and payments will cease when $150,000.00 has been distributed to the Class. The holder of the Allowed BCBS Claim shall not receive distributions under Section 3.7.2 of the Plan. The Debtors may pre-pay all or any portion of the Notes without penalty.
>
> Within thirty days after the Effective Date, the Debtors will tender the Order Imposing Lien on Real Property (the "Order Imposing Lien", in the form attached hereto as Exhibit C) to the Court and file a certified copy with the Register of Deeds of Macon County, North Carolina. The

2

Order Imposing Lien shall act as a lien on real property located at Lot 7, Walkingstick Falls Rd in Highlands, Macon County, North Carolina (the "Real Property"), to secure the Notes. The Order Imposing Lien shall not act as a lien on Lot 6, Walkingstick Falls Rd. in Highlands, Macon County, North Carolina, or on any other real or personal property now owned or hereafter acquired by the Debtors. Upon completion of payments due under the Notes, the lien on the Real Property shall be void and of no effect. On the request of the Debtors and after a notice and hearing the Court will take such action as is necessary to cause the release and satisfaction of the Order Imposing Lien.

The sale of the Greenbrier Property scheduled for completion within two years of the Effective Date stated in Section 3.1.2 of the Plan shall be amended to a fixed August 2019 sale date."

10. On April 19, 2018, a Notice of Entry of Confirmation Order, Occurrence of Effective Date, and Administrative Claim Bar Date was filed by Debtor [DE 1088]

11. On July 30, 2018, the Court entered Orders Sustaining the Objection of Debtor [DE 1113] on behalf of the Debtor Jemsek in which "First-Citizens are Sustained, and that said claims are hereby disallowed" with regards to First-Citizens Proof of Claim No. 13 because it is a duplication of First-Citizens Proof of Claim No. 27.

12. On July 30, 2018, the Court entered Orders Sustaining the Objection of Debtor [DE 1114] on behalf of the Debtor Jemsek Clinic in which First-Citizens "are Sustained, and that said claims are hereby disallowed" with regards to First-Citizens Proof of Claim No. 7-1, 8-2, and 9-2 because they are a duplication of First-Citizens claims filed in Debtor Jemsek's bankruptcy matter.

13. The balance of First-Citizens Class 7 claims required to be paid by the Debtors under the Plan are:

    a. Proof of Claim No. 11 filed on December 19, 2006 in the amount of $285,840.51;

    b. Proof of Claim No. 12 filed on December 19, 2006 and amended on September 6, 2017 in the amount of $341,895.12;

      c.    Proof of Claim No. 27 filed on April 19, 2007 and amended on September 6, 2017 in the amount of $1,745,003.46.

14.    The deadline for the Debtors to execute a Class 7 Plan Note in favor of each holder of an Allowed Class 7 Claim was August 29, 2018.

15.    Despite several requests to Debtors' counsel, Debtors have not executed and delivered a Class 7 Plan Note to First-Citizens.

WHEREFORE, First Citizens prays unto the Court as follows:

1.    For an entry of an Order requiring the Debtors to immediately implement the express terms of the Plan by executing and delivering to First-Citizens the Class 7 Plan Note as called for in the Plan.

2.    If the Debtors do not immediately implement the express terms of the Plan by executing and delivering to First-Citizens the Class 7 Plan Note as called for in the Plan, the Court schedule a hearing and require the Debtors to appear and show cause why they have failed to implement the Plan.

3.    For an order directing the Debtors to reimburse First-Citizens for the attorneys' fees and legal expenses it has incurred by making and prosecuting this Motion.

4.    For such other and further relief as to the Court may seem just and proper.

This the 6th day of February, 2019.

                                  */s/ Paul A. Fanning*
                                  Paul A. Fanning
                                  N.C. State Bar I.D. No.:  025477
                                  For the firm of
                                  Ward and Smith, P.A.
                                  120 West Fire Tower Road
                                  Post Office Box 8088
                                  Greenville, NC  27835-8088
                                  Telephone:  (252) 215-4027
                                  Facsimile:  (252) 215-4077
                                  Attorneys for First-Citizens Bank & Trust Company

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH GREGORY JEMSEK, | ) | CASE NO.:  06-31986 |
| | ) | |
| JEMSEK CLINIC, P.A., | ) | CASE NO.: 06-31766 |
| | ) | |
| Debtors | ) | CHAPTER 11 |
| | ) | (Jointly Administered) |

**NOTICE OF MOTION AND OPPORTUNITY FOR HEARING
CERTIFICATE OF SERVICE**

NOTICE IS HEREBY GIVEN of the Motion to Compel Implementation of Confirmed Plan filed simultaneously herewith by the attorney for First-Citizens in the above-captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided that no response and request for a hearing is made by the Debtors or other party in interest in writing to the Clerk of this Court on or before 14 days from the date of this Notice.

FURTHER NOTICE IS HEREBY GIVEN that is a response and a request for hearing is filed by the Debtors or other party in interest named herein in writing within the time indicated, a hearing will be conducted on the Motion and response thereto as **9:30 a.m., February 26, 2019, United States Bankruptcy Court, 401 West Trade Street, Room 111, Charlotte, North Carolina**.  No further notice of this hearing will be given.  If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice.

5

This the 6th day of February, 2018.

                                             _/s/ Paul A. Fanning_
                                             Paul A. Fanning
                                             N.C. State Bar I.D. No.:  025477
                                             For the firm of
                                             Ward and Smith, P.A.
                                             120 West Fire Tower Road
                                             Post Office Box 8088
                                             Greenville, NC  27835-8088
                                             Telephone:  (252) 215-4027
                                             Facsimile:  (252) 215-4077
                                             Attorneys for First-Citizens Bank & Trust
                                             Company

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing MOTION TO COMPEL IMPLEMENTATION OF CONFIRMED PLAN (11 U.S.C. § 1142) and NOTICE was filed electronically in accordance with the local rules and was therefore served electronically on those entities that have properly registered for such electronic service.  Entities not registered for electronic service have been served by depositing a copy thereof in the United States mail, postage pre-paid.

| | |
|---|---|
| Joseph Gregory Jemsek<br>1255 25th Street NW<br>Apt. 621<br>Washington, DC  20037 | James H. Henderson<br>JAMES H. HENDERSON, P.C.<br>1201 Harding Place<br>Charlotte, NC  28204-2248<br>*Attorney for Debtors*<br>*Served by CM/ECF* |
| U.S. Trustee<br>U.S. Bankruptcy Administrator Office<br>402 W. Trade Street<br>Suite 200<br>Charlotte, NC  28202-1669 | Richard S. Wright<br>Moon Wright & Houston, PLLC<br>121 W. Trade Street<br>Suite 1950<br>Charlotte, NC  28202<br>Attorney for Kay T. Jemsek<br>*Served by CM/ECF* |

This the 6th day of February, 2018.

         */s/ Paul A. Fanning*
Paul A. Fanning
N.C. State Bar I.D. No.:  025477
For the firm of
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, NC  27835-8088
Telephone:  (252) 215-4027
Facsimile:  (252) 215-4077
Attorneys for First-Citizens Bank & Trust Company

730098-10285
ND: 4843-5728-5255, v. 1