



_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Case No. 06-31986 (JCW) |
| JOSEPH GREGORY JEMSEK | ) | Chapter 11 |
| | ) | |
| JEMSEK CLINIC, P. A. | ) | Bankruptcy Case No. 06-31766 |
| | ) | Chapter 11 |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

## ORDER APPROVING THIRD APPLICATION FOR FEES AND EXPENSES OF THE HENDERSON LAW FIRM, PLLC

THIS MATTER came before the undersigned United States Bankruptcy Judge upon the Third Application for Order Approving Fees and Expenses [Doc. 1158] filed by The Henderson Law Firm as counsel for the Debtor herein on June 6, 2019 (the "Third Application").  The Court therefore finds as follows:

1. The Third Application together with a Notice of Opportunity for Hearing was served upon the parties as required by the Local Rules of Practice.

2. No objections were filed to the Third Application within the period set by this Court.

3. This Court has jurisdiction to consider the Third Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

**A.    BACKGROUND**

4.     The Chapter 11 case of Joseph Gregory Jemsek was filed on November 20, 2006 and the Chapter 11 case of Jemsek Clinic, P.A. was filed on October 25, 2006.

5.     After filing, the Debtors' first and second counsel withdrew from the case.

6.     The Debtors retained Applicant and signed Applicant's fee agreement for representation in their Chapter 11 bankruptcy proceedings. The Court has approved Applicant's employment and super-priority administrative status for fees as are approved by the Court.

7.     The Court has confirmed the Debtors' Joint Second Amended Plan, as modified.

8.     Applicant has spent time performing the services referred to herein and it requests allowance of professional fees and expenses as a super-priority administrative expense claim. Attached as Exhibit A to the Third Application is a detailed description of the services performed and expenses incurred by Applicant in the bankruptcy proceeding. In summary, Applicant expended 86.0 hours in rendering professional services for the period February 6, 2018 through June 6, 2019. The value of such services is $30,310.00.

9.     Attached as Exhibit B to the Third Application is a summary of professionals/para-professionals included in this Application.

10.    Attached as Exhibit C to the Third Application is a background summary of each professional included in this application.

11.    No agreement or other understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

12.    This Third Application was submitted under the standards set forth in a number of decisions of the United States Supreme Court and the Fourth Circuit Court of Appeals: *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Blum v. Stenson*, 465 U.S. 886 (1984); *Pennsylvania v. Delaware Valley City Council*, 107 S.C. 3078 (1987); *Lilly v. Harris-Teeter Supermarket*, 842 F.2d 1496 (4th Cir. 1988); *Daly v. Hill*, 790 F.2d 1071 (4th Cir. 1986); and *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 n. 28 (4th Cir. 1978), *cert. denied*, 439 U.S. 934 (1979). Under the rule of Barber, these standards include the time and labor expended; the novelty and difficulty of the questions raised; the skill required to perform properly the legal services rendered; the attorney's opportunity costs in handling the case; the customary fee for like work; the attorney's expectations at the outset of the case; the time limitations imposed by the client or circumstances; the amount in controversy and the results obtained; the experience, reputation and ability of the attorney; the undesirability of the case within the legal community in which the case arose; the nature and length of the professional relationship between attorney and client; and the attorneys' fees in similar

cases. Under these standards, the compensation and rates requested herein are reasonable for services rendered by the Applicant in this case.

Based on the foregoing findings of fact, it is therefore,

ORDERED, ADJUDGED AND DECREED that The Henderson Law Firm is hereby awarded fees as shown on the Third Application in the amount of $30,310.00 for professional services rendered in connection with this proceeding.

This Order has been signed
electronically.  The Judge's
signature and court's seal
appear at the top of the Order.

United States Bankruptcy Court